Van Wormer v. The Mayor, &c. of Albany.

---

## VAN WORMER *vs.* THE MAYOR, &C., OF ALBANY

Where a plaintiff fails to establish his case by such proof as will warrant a verdict in his favor, the judge presiding at the trial is bound to grant a nonsuit, even without the consent of the plaintiff.

The plaintiff, however, where the nonsuit is granted without his consent, may tender a bill of exceptions and sue out a writ of error; but he cannot do so when he *voluntarily* submits to a nonsuit.

The court in which the cause is pending may in their discretion grant a new trial, although the plaintiff voluntarily submits to a nonsuit; but a court of review will not, in such case on writ of error, reverse the judgment of nonsuit; nor will they look into other questions presented by the bill of exceptions.

A bill of exceptions must be incorporated in, and not attached to, the record of judgment.

Whether an order of a *board of health*, directing the removal of a nuisance, should be *in writing*, and whether after the adjudication of the existence of a nuisance by such board, the party affected thereby is at liberty to prove that the adjudication was wrong in fact, *quere.*

ERROR from the supreme court. Van Wormer sued the corporation of Albany in *an action on the case*, for causing to be pulled down and prostrated certain buildings belonging to him. The corporation pleaded the general issue [170] and a special plea, that before the said time when, &c., the lots or parcels of ground mentioned in the declaration, upon which the buildings were erected, were complained of as being and in fact were a common and public nuisance, dangerous to the health and lives of the people of the city of Albany, for the spread and propagation of the Asiatic cholera then existing in the city; that the board of health of the city, in pursuance of certain statutes set forth in the plea, for the purpose of removing and abating the nuisance, directed the said lots or parcels of ground to be excavated and dug down to the level of the surrounding streets; and that to abate such nuisance, the agents of the corporation entered upon the premises and dug down the ground, doing no unnecessary damage, which are the supposed injuries, &c. The plaintiff replied, *admitting*

Van Wormer *v.* The Mayor, &c. of Albany.

that the lots and parcels of ground were complained of as being a common and public nuisance, and that the board of health directed them to be dug down, and *protesting* that the lots and parcels of ground were not, at the said time when, &c., a common and public nuisance, dangerous to the health, &c., or dangerous for the spread or propagation of any sickness or disease whatever; for replication, nevertheless, said that the defendants, at the said time when, &c., of their own wrong and without the residue of the cause by them alleged, wrongfully and against the will and consent of the plaintiff, by themselves and their agents, &c., entered upon the premises and dug down the earth, and destroyed and demolished the buildings, &c., concluding to the country. Upon these pleadings, the parties went to trial. The plaintiff proved his declaration. The defendants introduced a law of the common council of the city, directing the grounds of the plaintiff to be excavated, and proved that the *board of health* adjudged the premises to be a nuisance and ordered the same to be abated, but the order was not entered in the minutes of the board, nor was it in writing. The plaintiff's counsel objected to the proof of the order, unless the same was in writing: which objection was overruled. The plaintiff also offered to prove that his premises, which had been adjudged a.nuisance by the board of health, were not in fact a nuisance : to which evidence the defendants' counsel objected, and it was rejected by the judge, who, expressing his opinion that the defendants had [171] established a full justification, the plaintiff *voluntarily submitted to a non-suit,* after having excepted to the several decisions and opinions of the judge. The plaintiff applied to the supreme court to set aside the nonsuit and grant a new trial, which was refused. (See opinion delivered in the supreme court, 15 *Wendell,* 263.) The plaintiff thereupon sued out a writ of error, removing the record into this court. On the argument in this court, it was insisted by the counsel for the plaintiff in error, 1. that the order of the board of health, not having been reduced to *writing,* was no protection to the defendants : in support of which position the case of *Meeker* v. *Van Rensselaer,* (15 *Wendell,* 399,) was cited ; and 2. that the proof offered by the plaintiff that his premises were not a nuisance should have been received by the circuit judge : in support of which position, the counsel cited *Hart et al.* v. *The Mayor, &c., of Albany,* (9 *Wendell,* 588, 594, 607,) and *Jarvis* v. *Pinckney and Knight, in the court of appeals of South Carolina,* and in the Charleston C. P. On the part of the defendants, it was insisted that the question of nuisance or not, was not put in issue by the pleadings, and therefore the evidence offered in reference to that question was properly excluded ; the *protestando* that the premises were not a nuisance, being, for all the purposes of the suit, an admission that they were a nuisance. (1 *Chitty's Pl.,* 648.) Besides, the board of health having adjudged the premises to be a nuisance, it was not competent in an action on the case to review their decision. (9 *Wendell,* 594, *and cases there cited ;* 2 *Caines' R.,* 179.) As to the necessity of the order of the board of health being in writing, the error, if any, could be corrected only by *certiorari.* (16 *Johns. R.,* 49.)

The cause here was argued by

*S. Stevens,* for the plaintiff ;

*J. Van Buren,* for the defendants.

After advisement, the following opinion was delivered :

*By the* CHANCELLOR. The writ of error in this case is brought upon [172] a judgment of nonsuit, upon which no legal question can arise here. Even if the bill of exceptions, which was taken at the circuit, and is printed with the case in this court, could be considered to have the same operation as if it had been incorporated in the record, I do not see how it could possibly aid the plaintiff in reversing the judgment, because from the bill of exceptions it does not appear that the plaintiff was improperly nonsuited by the circuit judge, or against his consent. On the contrary, it appears that he voluntarily abandoned his cause and submitted to a nonsuit, without any application for such nonsuit on the part

of the defendants, and probably against their wishes.  It is settled in this state, that if the plaintiff fails to make out his case so as to authorize the jury to find a verdict in his favor, the defendant may move for a nonsuit, which the judge is bound to grant even without the plaintiff's consent.  In such a case, therefore, if the plaintiff thinks the decision of the judge in granting the nonsuit, erroneous, he has a right to tender a bill of exceptions, for the purpose of raising the question of law upon the evidence adduced, and also to show that the nonsuit was compulsory and not voluntary on his part.  If he wishes to avail himself of an objection to any other decision of the judge, either as to the admission or rejection of testimony, or as to the charge, he must take his bill of exceptions and proceed with the cause before the jury; but if he voluntarily abandons his cause, either before the jury have retired, or after they have returned to the bar to deliver their verdict, he cannot avail himself of his bill of exceptions upon a writ of error, to reverse the judgment of nonsuit which was the necessary consequence of his own act.  It is true, upon an application for a new trial upon a case made in the same court, where the granting or refusing the new trial is a matter of discretion, if it appears that the decision of the judge who tried the cause went to the whole merits of the case, so that it would have been wholly useless to the plaintiff to go on if such decision was correct, the court in the exercise of a sound discretion may grant a new trial, if such decision was erroneous, [173] although the nonsuit was submitted to voluntarily.  But upon a writ of error founded upon a bill of exceptions, both parties stand upon their strict legal rights ; and this court cannot reverse a judgment of nonsuit which has been produced by the voluntary act of the plaintiff, and which does not therefore legally connect itself with any supposed error in a previous decision of the judge at the trial.

Again : the second plea, if true, furnished a valid defence to the suit, and the replication to that plea does not put in issue either the existence of the nuisance or the fact that the board of health ordered the same to be abated as such.  It only puts in issue the *residue* of the matters stated in the plea, which were not embraced by the admission or by the *protestando*.  The residue of the cause mentioned in the plea was the fact, that the defendants entered upon the premises and did the acts complained of, to abate the nuisance, *doing no unnecessary damage* to the plaintiff.  Under this state of the pleadings, the complainant had no right to dispute the existence of the nuisance, nor were the defendants bound to prove that the board of health ordered it to be abated by digging down the lots.  If no legal order could be made *unless in writing*, then the replication must be considered as an admission that such an order, in writing, was in fact made.  The only questions, therefore, upon which the plaintiff had any right to go to the jury, were as to the residue of the causes mentioned in the plea and put in issue by the replication; and as to these questions, if the plaintiff supposed he could succeed upon the evidence offered, or if he had any other evidence to give, he should have gone to the jury instead of abandoning his cause and submitting to a nonsuit.

Upon the two questions raised at the circuit, neither of which are entirely free from doubt, I do not think it necessary to express an opinion, as neither of them can properly arise under these pleadings, even if a *venire de novo* should be awarded.  The true history of the case, I think, may be gathered from the testimony stated in the bill of exceptions.  It appears that the plaintiff, after [174] the existence of the nuisance was ascertained, came before the board of health himself and made statements.  Not that there was no nuisance, the existence of which, probably, no one thought of denying.  But he complained of the hardship of being obliged to abate it at his own expense, being only a lessee for a short term.  And I presume, from the hardship of the case, and to save him from the heavy penalty which the law would inflict upon him, if he refused to obey the order, it was thought best to direct the corporation to do it, under an ordinance to be made for that purpose ; probably under the supposition that in

that way the necessary expense of digging down the lots could be charged upon those who would be more benefited thereby, and that for this reason no formal order was in fact put in writing and entered in the minutes of the board of health. If such was the fact, it was the duty of the corporation to endeavor to abate the nuisance even without an order. And if they entered for, that purpose, and were doing in good faith what it was the duty of the plaintiff to have done himself, until the ceasing of the pestilence rendered further proceedings unnecessary, he has no right, in this form of action at least, to recover anything of the corporation; although they did not afterwards proceed and level his lot for him, when they found the expense could not be assessed upon the owners of the adjoining lands.

Upon no principle, therefore, is this court authorized to disturb the judgment of nonsuit which the plaintiff has suffered voluntarily to be entered against him; and the judgment of the supreme court should, therefore, be affirmed.

On the question being put, *Shall this judgment be reversed?* all the members of the court (20 being present) voted in the negative: whereupon the judgment of the supreme court was AFFIRMED.                    Judgment affirmed.