Hudson, J.
During the years 1879-80, the appellant was treasurer of the county of Grand Forks. In the year 1879 the respondents issued the bonds of said county to build a court house, to the amount of |10,000, and by said respondents sold without the intervention of the appellant, except that he received the money as treasurer. In 1881 said treasurer settled with the county commissioners, retaining out of the county funds in his hands the sum of $400, claimed as commissions on the proceeds of the bonds— $10,000 — at four per cent. The respondents rejected such settlement and demanded the full sum in his hands, which demand was refused. Whereupon at the April term of said District Court, the respondents filed a petition for a writ of mandamus to compel said treasurer to pay over said $400, and thereupon the court ordered an alternative writ to issue, returnable at the same term. Upon the return of said writ the appellant appeared by counsel and moved to quash the writ, which motion was overruled by the court. Thereupon the appellant filed his answer. The court, after heai’ing the proofs, ordered a peremptory writ of mandamus to issue, from which order this appeal is taken.
The writ of mandamus can issue in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law.. If there is such remedy in the ordinary course of law, it is very clear this writ cannot be invoked. We think the Political Code, section 95, of chapter 28, has provided such remedy by making it the duty of the county clerk, on receiving instructions for that purpose from the Territorial Auditor, or from the county commissioners. of his county, to cause suit to be instituted against such treasurer and his sureties, or any of them, in the District Court of his county, to recover all money in the hands of the county treasurer which he shall fail to pay over. Under this provision it is *326 clear that a plain, speedy and adequate remedy in the ordinary course of law maybe had; hence mandamus cannot be maintained.
This is decisive of the case, but the question of the right of the county treasurer to commissions upon this fund was much discussed, and as the question is of some importance, it seems proper that this question should receive a little attention.
The compensation of the county treasurer, provided by law for all money collected by him for each fiscal year, is four per cent. The section of the statute providing for advertising and selling lands for delinquent tax, gives an additional fee of four per cent, to be paid only so far as the lands are actually sold and out of the fund received therefor, and to be collected in each case where- the lands are sold and from the purchaser; but for all other cases and services the treasurer shall be paid in the same pro rata from the respective funds collected by him, whether the same be in money, territorial or county warrants. These provisions for the compensation of the county treasurer are intended to fix the commissions of that officer for collecting the ordinary revenue of the county, and have no application to a fund brought into the county treasury without his instrumentality. It cannot apply to the proceeds of bonds issued and negotiated by the county commissioners. His .commissions are upon money collected by him. He did not collect the proceeds of the bonds.
Counsel contend that the words, “ for all other services,” etc., in the last clause above quoted, give him commissions on the fund created by the sale of bonds; but these words have reference only to the cases and services in the selling of lands for delinquent taxes, to be paid out of the respective funds. If the construction contended for should prevail, double commissions would be paid upon this fund, as the treasurer would clearly be entitled to such on the taxes collected by him to pay the bonds. The order of the District Court is
Reversed.
Justices all concurring.