|66  485|
|6119 674|

</div>

## PICKELL ET AL. v. OWEN.

1. **Mandamus:** WILL NOT LIE TO COMPEL CLERK TO ISSUE EXECUTION. *Mandamus* will not lie to compel the clerk of the courts to issue an execution on a judgment, because, in case of his refusal to do so in a proper case, the statute (Code, § 2923) provides a plain, speedy and adequate remedy, in the presence of which *mandamus* is forbidden by Code, § 3376.

*Appeal from Mitchell District Court.*

WEDNESDAY, JUNE 10.

THIS is an action of *mandamus*. There was a demurrer to the petition, which was sustained. Plaintiffs excepted to

the ruling on the demurrer, and appeal from the judgment dismissing the action.

*M. M. Browne*, and *L. M. Ryce*, for appellants.

*J. H. Sweeney*, for appellee.

Rothrock, J.—It is averred in the petition, in substance, that the plaintiffs are the owners of a money judgment, which was duly recorded in the circuit court of Mitchell county; and that defendant is the clerk of said court; and that defendant, although requested to do so, willfully, unlawfully and maliciously refuses to issue execution upon said judgment; and that plaintiffs are without any plain, speedy and adequate remedy at law in the premises; and a writ of *mandamus* is prayed, compelling the defendant to issue an execution as provided by law. There are other allegations in the petition, not necessary to be stated here. The demurrer presents the question whether or not an action of *mandamus* will lie to compel the clerk to issue an execution upon a judgment. It is provided, in section 3376 of the Code, that "an order of *mandamus* shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law, except as herein provided.

This proceeding is not within the exception provided in this section of the Code, and the question we are required to determine is, have the plaintiffs a plain, speedy and adequate remedy in the ordinary course of the law? Section 2923 of the Code provides that, "for good cause shown, a judge's order may issue in vacation, directing any of the officers of the court in relation to the discharge of their duties." We are not advised by counsel for plaintiffs why they did not avail themselves of this much more speedy remedy than an original action in *mandamus*. There can be no doubt that an application for an order is plain, speedy and adequate, and it is expressly provided by law. We are not to presume that, if the defendant was speedily ordered to issue an execution on

this judgment, he would refuse to obey the order, and subject himself to the penalties of a willful disobedience of the order of the court. We must not be expected to follow the argument of counsel upon the nature of the action of *mandamus*, and in what cases it can be maintained. The action is regulated by statute in this state, and, when it is shown there is a plain, speedy and adequate remedy provided by statute, without invoking the aid of *mandamus*, that ought to be an end of the controversy.

AFFIRMED.