SANDAGER, Appellant, *v.* WALSH COUNTY, Respondent.

**Stare Decisis — Office and Officer — Compensation.**

> A county treasurer is not entitled to commission on money received on the sale of bonds for the erection of a court-house, although the statute, § 15, chap. 39, Pol. C., as amended, chap. 20, L. 1879, fixing the same on which he is to have commission as compensation for his services, uses this language: "In computing the amount collected, for the purpose of charging percentage, all sums from whatever source derived, shall be included together." So *held,* on the authority of Territory v. Cavanaugh, 3 Dak. 325.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Walsh county; Hon. W. B. McCONNELL, Judge.

This was an action by P. E. Sandager against Walsh county to recover certain conmissions. The court below sustained a demurrer to the complaint, and the question here presented was the sufficiency of the complaint to constitute a cause of action. It alleged that the defendant county was a public corporation, and that during the periods mentioned therein plaintiff was its treasurer; that on the 25th of May, 1885, it issued its bonds for $25,000, to build a court-house and jail; that on or about the 30th of June, 1885, the bonds were sold by the board of county commissioners of said county for $25,051, and said sum was paid over to the plaintiff as such treasurer; that plaintiff, as such officer, on or about the 30th of December, 1885, had duly disbursed the whole of said sum at the direction of said county, and that said county thereupon became and was indebted to the plaintiff for $1,002.04, being four per cent of said amount; that he had duly presented a claim to said county for such amount and it had rejected the same, and that the same was wholly unpaid. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The

court sustained the demurrer, and the plaintiff electing to stand on his complaint, a judgment of dismissal was entered and the plaintiff appealed.

The statute under which the commission was claimed is stated in the head-note.

*Noyes & McLaughlin*, for appellant.

The demurrer was sustained on a *dictum* found in Territory v. Cavanaugh, 3 Dak. 325. Commission is allowed on this fund as well as any other; there is no qualification in the statute. General words are to receive a general construction; if there is no express exception the court can create none. Demarest v. Wynkoop, 3 Johns. Ch. 142; People v. N. Y. C. R. R. Co., 13 N. Y. 80; Story, Confl. L., p. 10.

*C. A. M. Spencer*, for respondent.

Appellant was not entitled to the commission. Territory v. Cavanaugh, 3 Dak. 325. Any question arising in a case that is discussed and decided is not *dictum*, but adjudication. 5 Md. 488; 26 id. 261.

By the COURT:

This case is affirmed under the authority of Territory v. Cavanaugh, 3 Dak. 325. While in that case the proposition was not necessarily before the court for determination, yet, in the view finally taken of the case, the question must have been fully considered by the court, and in consideration of the reliance placed on the decision by the legislature, courts and individuals since its rendition, it is not deemed advisable to again examine the question involved. All the justices concur.