STATE OF NEBRASKA, EX REL. E. HARRIS, V. R. W. LAFLIN, CLERK OF THE DISTRICT COURT.

FILED MAY 2, 1894.    No. 6833.

1. **Mortgages:** STAY OF EXECUTION OF DECREE OF FORECLOSURE: TIME TO FILE REQUEST. But for the provisions of the statute, the plaintiff in a foreclosure suit would be entitled to immediate execution of his decree upon its rendition. By the statute it is provided, however, that the defendant in a decree of foreclosure may stay the execution of the same by filing with the clerk of the court in which said decree is rendered a written

request for a stay of execution thereof within twenty days from the date of its rendition. This is a statutory remedy, and is only obtained by a strict compliance with all the required conditions. Time is an essential element in the proceeding and one which neither the court nor the judge thereof can disregard. If a delay in filing such request beyond the limited time occurs, the right to the remedy is gone, and the plaintiff holds his decree discharged from this means of staying its execution.

2. ———: FORECLOSURE: ORDER FOR STAY OF EXECUTION: TIME. An order of a district court recalling an order of sale in a decree foreclosing a real estate mortgage, and permitting the defendant in such decree to file with the clerk, more than twenty days after its rendition, a request for a stay thereof, is not void.

3. ———: ———: ———: REVIEW. Such an order is one affecting a substantial right made upon a summary application in an action after judgment, is a final order, and may be reviewed on error.

4. Order to Recall Execution: REVIEW. The filing in this court of a petition in error to review such order, and the execution, approval, and filing of a supersedeas bond therefor required by the district court, does not vacate or suspend such order.

5. Mandamus. The remedy by *mandamus* is the last resort of the litigant. It is only when all other remedies have failed that he is entitled to this writ.

6. Review by Mandamus. *Mandamus* will not issue when its effect would be to reverse or vacate an order of a court or tribunal having jurisdiction to make such order, although the same may be palpably erroneous; and especially is this so when such order is one that may be reviewed on error or appeal. (*McGee v. State*, 32 Neb., 149; *State v. Cotton*, 33 Neb., 560; *People v. Garnett*, 130 Ill., 340.)

ORIGINAL application for *mandamus*.

*F. B. Sheldon* and *E. O. Kretsinger*, for relator.

*E. N. Kauffman, contra.*

RAGAN, C.

On the 6th day of November, 1893, E. Harris obtained a decree of foreclosure of a mortgage in the district court

of Gage county against one Nichols. On December 13, 1893, Nichols having taken no appeal or error proceedings from said decree, and not having filed a request staying the execution of said decree, an order for the sale of the property described in said decree and to satisfy the same was issued by the clerk of said district court at the request of Harris. This order was placed in the hands of the sheriff of Gage county, who appraised and advertised the property to be sold on the 12th day of February, 1894. On the 5th day of February, 1894, the court, on motion of Nichols, and without other showing, made an order requiring the sheriff to return said order of sale and permitting Nichols to file of record a request for the stay of the execution of the decree as of the date of its rendition; Nichols filed the request for the stay of the execution of the decree, and the sheriff returned the order of sale. To this order of the court Harris took an exception; prayed the district court to fix a supersedeas bond, which the court did, and which bond Harris then gave, and the same was approved, and thereupon Harris filed in this court a petition in error to review the said order of the district court. Harris then obtained from the clerk of this court a certificate setting forth that he had filed with said clerk a petition in error and a supersedeas bond to review the order of the district court to issue an alias order for the sale of the property described in the decree. This the clerk refused to do. Harris thereupon applied to the district court for an order directing its clerk to issue the order of sale requested. This application the court denied. Harris then made application to this court for a peremptory writ of *mandamus* to compel the clerk of the district court to issue an order for the sale of the real estate described in his decree of foreclosure, and set out at length in his application the facts stated above. To this application the clerk of the district court has demurred. But for the provisions of the statute, the relator, on obtaining his decree

of foreclosure on the 6th day of November, 1893, would have been entitled to immediate execution of the decree; that is, to an immediate order for the sale of the property to satisfy the amount found due him by the decree. The The statute has provided three methods by which Nichols could have stayed the execution of the decree rendered against him. One method was by taking an appeal from the decree and executing a supersedeas bond, as provided by section 677 of the Code of Civil Procedure. Another method was by prosecuting a writ of error from the decree rendered, and executing a supersedeas bond, as provided by section 588 of the Code of Civil Procedure. A third method provided by the statute, by which Nichols might have stayed the execution of the decree rendered against him, is found in section 477b of the Code of Civil Procedure, which provides: "The order of sale on all decrees for the sale of mortgaged premises shall be stayed for the period of nine months from and after the rendition of such decree, whenever the defendant shall, within twenty days after the rendition of such decree, file with the clerk of the court a written request for the same; *Provided*, That if the defendant make no such request within said twenty days, the order of sale may issue immediately after the expiration thereof."

"A supersedeas is a statutory remedy. It is only obtained by a strict compliance with all the required conditions, none of which can be dispensed with. Time is an essential element in the proceeding and one which neither the court nor the judge can disregard. If a delay beyond the limited time occurs, the right to the remedy is gone and the successful party holds his judgment or decree freed and discharged from this means of staying proceedings for its collection or enforcement. This is a right which he has acquired and of which he cannot be deprived without due process of law. While the court may enter an order in a cause *nunc pro tunc* where the action asked for has been

State v. Laflin.

delayed by, or for the convenience of, the court, it is never done where the parties themselves have been at fault or where it will work an injustice.   To make a *nunc pro tunc* order effectual for the purposes of a supersedeas it must appear that the delay was the act of the court and not of the parties, and that an injustice will not be done." (Chief Justice Waite in *Sage v. Central R. Co.*, 93 U. S., 412.) Nichols did not file with the clerk, within twenty days from the rendition of the decree against him, a written request for stay of execution of said decree.   The order of sale, then, issued by the clerk was rightfully issued, and this brings us to a consideration of the force and effect of the order made by the district court recalling the order of sale and permitting Nichols, after more than twenty days had elapsed from the date of the rendition of the decree, to file a request for staying the execution of the same as of the date of its rendition.   Was this order of the court void?   There can scarcely be a doubt that the order was erroneous, but we do not think it was absolutely void. The district court had jurisdiction of the subject-matter and jurisdiction of the parties, and if the order made by him is still in force, then the clerk cannot be compelled by *mandamus* to issue another order of sale.   The filing in this court of a petition in error by the relator to review the order of the court, the execution, approval, and filing by the relator of the supersedeas bond fixed by the district court therefor, did not vacate the order made.   As already stated, supersedeas is a statutory remedy ; and there is no provision in our statutes by which such an order as the one made by the district court can be suspended or vacated by the giving of a supersedeas bond.   The supersedeas bond given in this case amounted merely to a bond for costs. Such order, however, was one that might be reviewed on error.   Section 581 of the Code of Civil Procedure provides that "an order affecting a substantial right made in a special proceeding, or upon a summary application in an

action after judgment, is a final order, which may be vacated, modified, or reversed." The order made by the district court was one made in a summary application in an action after judgment. The order made affected a substantial right, viz., the right of the relator to have the decree rendered in his favor carried into immediate execution.

In *State v. Theile*, 19 Neb., 220, the defendant in a foreclosure decree, for the purpose of staying the execution thereof, filed a bond conditioned that "he shall abide the judgment and decree if the same should be affirmed and pay the costs," whereas the statute provided that the supersedeas bond in such case should contain a condition that the appellants "will prosecute such appeal without delay, and will not during such appeal time commit, or suffer to be committed, any waste upon such real estate." Application was made to the clerk of the district court, after the filing by the defendant in the decree of foreclosure of the bond conditioned as above stated, for an order of sale for the mortgaged premises. The clerk refused to issue the order and this court granted him a *mandamus* compelling him to do so.

In *State v. Moores*, 29 Neb., 122, this court said that it would not issue a *mandamus* compelling a clerk of a district court to issue an order of sale upon a decree of foreclosure where there had been no application to, and refusal by, the district court to direct its clerk to issue such order of sale.

The relator is not within the rule laid down in either of these cases. The remedy by *mandamus* is the last resort of the litigant. It is only when all other remedies have failed that he is entitled to this writ. Here the relator is now prosecuting proceedings in error in this court to reverse the order made by the district court. The relator, then, is not without a plain and adequate remedy at law. The effect of the order made by the district court was to deny to the relator the immediate execution of his decree; and for us to

compel, by *mandamus*, the clerk to issue an order for the sale of the premises described in the decree of the relator would be, in effect, to reverse the order made by the district court staying the execution of the decree; that is, *mandamus* would be made to perform the functions of a proceeding in error. The demurrer to the application is sustained and the writ denied.

WRIT DENIED.