TAUBMAN V. BOARD OF COMMISSIONERS OF AURORA COUNTY.

Where the owner of a newspaper files an affidavit with the supervisors, stating that his paper is one entitled to be designated as an official paper of the county, he is a party to the proceedings by which the board, under the provisions of Sess. Laws 1897, Chap. 50, designates the official papers; and having failed to appeal from its action, as authorized by Comp. Laws, §§ 610-614, which give a full and speedy remedy at law in the circuit court to all persons aggrieved by the

action of the supervisors, he is not entitled to mandamus to compel the board to so designate his paper, and this though the time for appeal had expired when he sought the writ.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Aurora county, HON. FRANK B. SMITH, Judge.

Mandamus by Thomas W. Taubman against the board of commissioners of Aurora county. From a judgment for defendant, plaintiff appeals. Affirmed.

*Grigsby, Wright & Grigsby,* for appellant.

The board of county commissioners in refusing to designate appellant's newspaper as one of the official papers of the county violated a plain statutory duty, and did so in utter defiance of the law. Short v. White Lake, 8 S. D. 148. While appellant could have appealed from the order of the board so refusing, yet he was not confined to that remedy. Spencer v. Sully county, 4 Dak. 474. No demand was necessary before bringing this proceeding. Heintz v. Moulton, 7 S. D. 272. Mandamus was the proper remedy. Babcock v. Goodrich, 47 Col. 508; 2 Bailey on Juris. § § 580, 581, 582.

*H. C. Preston,* for respondent.

This proceeding in mandamus being brought for the enforcement of a private right, a demand was necessary before its institution. 13 Enc. of Plead. & Prac. 616, 617, 619; Railroad v. Plumas Co.. 37 Col. 362; People v. Town of Mt. Morris, 27 N. E. 757; People v. Board, 21 N. E. 187; High Ext. Leg. Rem. § 41.

An appeal from the order of the board and not mandamus was appellant's proper and only remedy. Pierre Waterworks Co. v. Hughes Co., 5 Dak. 145; State v. Laflin, 58 N. W. 937; State v. Allen, 35 Pac. 609; Baum v. Sweney, 32 Pac. 778; High Ext. Leg. Rem. Sec. 177, 180; State v. State Board, 53 Pac. 292.

CORSON, J.   This is an appeal by the plaintiff from a judgment entered in a mandamus proceeding dismissing the same.  An alternative writ of mandamus was issued by the circuit court in and for Aurora county, upon an affidavit filed by the plaintiff herein.   The facts set forth in the alternative writ may be stated as follows :   That the plaintiff is a citizen, resident, property owner, and taxpayer of said Aurora county, and that he is the owner, proprietor, publisher, and editor of the Plankinton Herald, which is now, and for many years past has been, a legal newspaper printed and published weekly at and in the city of Plankinton, in said county, by said plaintiff, in an office maintained at the place of publication, which newspaper has, and has had for many years a bona fide circulation far in excess of 200 copies weekly.   That said county is a duly organized county, and has a board of county commissioners composed of five persons, all of whom have been duly elected, qualified, and acting members of said board since the second day of January, 1900.   That there are three, and only three, legal newspapers published and printed in said county—the Plankinton Herald, aforesaid, which is and has been for many years democratic in its political faith ; the Standard, published at Plankinton, "which is in fact, control, sentiment and management republican in its political faith, although professing to be otherwise" ; and the White Lake Wave, which is also republican— and that the aforesaid three newspapers have been ever since on or before January 1, 1900, the only legal newspapers printed and published in said county, and the only newspapers eligible under the law to be designated as official newspapers, as defined by Chapter 50, Session Laws 1897.   That said board of county commissioners, at their regular meeting on the 6th of January, 1900, willfully, knowingly, and wrongfully designated, selected and appointed the Plankinton Mail, which is and was republican, and which is not, and was

not, a legal newspaper, in that it was not printed either in whole or in part in said county from July 1 to September 10, 1899, one of the official papers of and for said county for the year 1900. That on the 3rd day of January, 1900, and before action had been taken by said board, the plaintiff filed with said board an affidavit in due form, showing that his newspaper was in all respects a legal newspaper and published in said county. That a motion was made before said board that the Mail, Wave, and Standard be made the official papers for the year 1900, to which it was moved as an amendment that the Herald, Wave and Standard be made the official papers, which amendment was lost, and the original motion was carried. That under the law the Herald, owned and published by the plaintiff, is and was entitled as matter of legal right, to be selected and designated as one of the official newspapers for said county instead of the Mail. That the value of the official printing for said county for the year 1900 would exceed the sum of $100 at the rates prescribed by law, and that the plaintiff will be damaged in a sum exceeding that amount if the aforesaid designation is permitted to stand, and that the official printing in and for said county will not be performed according to the requirements of the statute, and that the said plaintiff is without adequate remedy at law. The said board of county commissioners was therefore required to revoke, set aside, and rescind the said order, and in lieu thereof designate and appoint the Plankinton Herald as one of the official newspapers in and for said county, or said board should show cause to the contrary thereof on the 2d day of February, 1900. On February 7th, the cause having been continued to that date, the defendants appeared, and filed a demurrer and motion to quash the alternative writ upon the following grounds: "(1) That the said writ does not state sufficient facts to entitle the plaintiff to said writ, either in the alternative or peremptorily; (2) that the

plaintiff is not entitled to the writ, for the reason that the defendant had acted upon the subject, and designated the official papers, and that if the plaintiff was aggrieved thereby he had an adequate and speedy remedy at law; (3) the writ being issued at the instance of plaintiff as a private person, seeking to enfore a private right, in which he is beneficially interested, the plaintiff must first make demand upon the defendant to perform what he seeks, and that no demand was made before the issuing of the said writ." The demurrer was sustained by the court, and from the order sustaining the demurrer and judgment entered thereon this appeal is taken.

It is contended on the part of the appellant that as it is shown by the alternative writ and admitted by the demurrer that there are but three legal newspapers printed and published in Aurora county, of which the Herald, printed and published by the plaintiff, is one, it was the legal duty of the board to designate the Herald as one of those newspapers, for two reasons; First, because it constitutes one of the three legal newspapers published in said county; and, second, because it was democratic in its politics, while the other three designated are republican, and that it was by law made the duty of the board to designate as official papers not more than two papers of the same political faith. The defendant contends—First, that the plaintiff's only remedy was by an appeal from the order made by the board to the circuit court; and, second, that it is not alleged that any demand was made upon the board by the plaintiff that the Herald, owned and printed by him, should be designated as one of the official newspapers of the county; and, third, that, the board having acted and designated the official newspapers of the county, mandamus will not lie to vacate and set aside the order so made.

The act providing for the publication of the county commissioners' proceedings, being Chapter 50 of the Session Laws of 1897, pro-

vides that: "At their first regular quarterly meeting after taking effect of this act, and annually thereafter in January, it shall be the duty of the board of county commissioners of the several counties of this state to designate three legal newspapers printed in their several counties as official newspapers:  *  *  *  provided, however, that not more than two newspapers of the same political faith shall be designated within the county, nor more than one of the same political faith within the same municipality if there are other legal newspapers of the same political faith published elsewhere within the county; provided, further, that in counties where the newspapers are all of the same political faith, three newspapers shall be designated." It will be observed that it is distinctly stated in the alternative writ that the board of county commissioners at its session on January 6, 1900, entered an order designating the three newspapers named as the official newspapers of said county. It further appears that the plaintiff was a party to said proceeding, he having filed an affidavit setting forth the facts that the Herald, published by him, was a legal newspaper, published and printed in said county, and was one of the three newspapers in said county entitled to be designated as the official newspapers of said county ; but from the order made by said board he took no appeal to the circuit court, so far as the record in this case discloses. If he was aggrieved by said order, the statute gave him the right of appeal to the circuit court. Section 610, Comp. Laws, provides that "from all decisions of the board of commissioners upon matters properly before them there shall be allowed an appeal to the district (circuit) court by any person agrieved, upon filing a bond," etc. Section 611 provides: "Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners; and the county clerk shall  *  *  *

make out a complete transcript of the proceedings of said board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district (circuit) court." Section 613 provides that all appeals thus taken to the circuit court shall be heard and determined *de novo,* and Section 614 provides that the circuit court may make a final judgment, and compel the said board of county commissioners to comply therewith by mandamus and attachment as for contempt. It will thus be seen that the plaintiff had a full, speedy, and adequate remedy at law by an appeal to the circuit court, where the action would be tried in the same manner as any other action pending in said court.

The principal question in this case is, therefore, could the plaintiff neglect to bring the case by appeal before the circuit court, and institute mandamus proceedings to enforce his rights therein? We are of the opinion that he cannot; that, as the statute has provided a speedy and edequate remedy by appeal, he must avail himself of such appeal or otherwise be barred of his remedy. It would seem from the proceedings in this case, that the time for appeal had expired when the application for the writ of mandamus was made to the circuit court; but this cannot affect the question before us. Mr. High, in his work on extraordinary remedies, says: "Whenever, therefore an express remedy is afforded by statute, plain and specific in its nature, and fully adequate to redress the grievance complained of, mandamus will not lie. And the fact that the person has, by neglecting to pursue his statutory remedy, placed himself in such a position that he can no longer avail himself of its benefit, does not remove the case from the application of the rule, and constitutes no ground for interference by mandamus." High, Extr. Rem. § 16; State v. Board of Sup'rs of Sheboygan Co., 29 Wis. 79; Louisville & N. A. R. Co. v. State, 25 Ind. 177; Fogle v.

Gregg, 26 Ind. 345; People v. State Ins. Co., 19 Mich. 392; Territory v. Cavanaugh, 3 Dak. 325, 19 N. W. 413; Marshall v. Sloan, 35 Iowa, 445; Pickell v. Owen, 66 Iowa, 485, 24 N. W. 8; Barnett v. Board 73 Iowa, 134, 34 N. W. 780. See, also, 13 Enc. Pl. & Prac. 530 *et seq.,* and .cases cited. State v. Board of Supervisors of Sheboygan Co., *supra,* was an action by a former county treasurer to compel the board of supervisors to credit and allow certain portions of his official accounts which they had previously refused to allow. A statutory remedy existed by an appeal to the circuit court from the descision of the board. The mandamus was refused and the court speaking by Mr. Justice COLE, says: "Here was a plain adequate remedy by action, furnished the relator for the correction of the decision of the board. The statute in the clearest language gave him an appeal to the circuit court from this determination disallowing those payments. This remedy the relator should have adopted, instead of applying for a mandamus to correct the erroneous decision of the board. True, his right of appeal from the decision of the board has expired, but that fact can make no difference with our determination on this application. He had a plain legal remedy, but the fact that he has neglected to pursue it, and has now lost his right to appeal, constitutes no sufficient ground for granting a mandamus. If it did, then the writ should be granted in every case to correct the erroneous decision of an inferior tribunal, when the aggrieved party has failed to appeal from such a decision within the time allowed by law. It must be apparent that the writ of mandamus has not been awarded for such a purpose, but only where no adequate specific remedy by action exists." The object and purpose of the writ of mandamus is to afford a party a remedy where no remedy has been provided by law, and to afford him a remedy adequate to enforce the particular right which the law accords to him. State v. Laflin, 40 Neb. 441, 58 N. W. 936; Section 5518, Comp. Laws.

In the case at bar the board of county commissioners acted upon a matter properly before them, and had made a decision designating the three newspapers in the county which should constitute the official papers of that county. They had refused the appellant's application that the newspaper published and printed by him should be made one of those official papers. On the appeal, therefore, to the circuit court, the whole matter would have been brought before that court, and upon a trial *de novo* that court had the power to affirm the order of the board of county commissioners or to vacate and set it aside, and to make such new order as justice and the law might require. In exercising their jurisdiction under the law of 1897, the board were acting *quasi* judicially, and from such an order the plaintiff, being an aggrieved party, had a clear right of appeal. Pierre Waterworks Co. v. Hughes Co., 5 Dak. 145, 37 N. W. 733.

Our attention has been called by the appellant to the cases of Short v. White Lake Tp., 8 S. D. 148, 65 N. W. 432, and Spencer v. Sully Co., 4 Dak. 474, 33 N. W. 97. In the former case this court held that, under the law as it then stood, a party was not required to present his claim to the township board of supervisors as a condition precedent to bringing an action in the Circuit court upon that claim. In the latter case it was held that a party whose account had been disallowed by the board of county commissioners might proceed by action in the circuit court without availing himself of his right of appeal, but the right to bring an action in the proper court is a common law right, and under the provisions of the organic act the late territorial supreme court held that the fact that a party's claim had been passed upon by the board of county commissioners and denied did not constitute a bar to his proceeding by action in the circuit court to recover the amount of his claim. Neither of these cases has any application to the case at bar. The authority to designate the

official newspapers of the county is specially vested in the board of county commissioners. No proceeding can be taken in the circuit court or any other court until action has been taken by the board of county commissioners, except in a proper case to compel the board to act; but, when said board has acted, its action is so far *quasi* judicial as to authorize an appeal to the circuit court from its decision, and, the statute having provided the specific remedy for a party aggrieved by such a decision, mandamus will not lie, as the right to a writ of mandamus is a right resting largely in the discretion of the court to which application for the issuance of the writ is made. These views necessarily lead to the conclusion that the court, in sustaining the demurrer to the alternative writ of mandamus, was clearly right, and the judgment of the circuit court is therefore affirmed.