[File No. 6280.]

BISMARCK TRIBUNE COMPANY, a Domestic Corporation, Appellant, v. ALEX J. WOLF, Nick J. Boltz, and Frank Hoff, Board of County Commissioners of Stark County, North Dakota, a Municipal Corporation, Respondents.

(255 N. W. 569.)

Opinion filed June 9, 1934.

*W. C. Crawford* and *Sullivan, Fleck & Sullivan,* for appellant.

*Theodore Kellogg,* State's Attorney and *P. O. Sathre,* Attorney General, and *Charles A. Verret,* Assistant Attorney General, for respondents.

BURKE, J. This is a special proceeding for a peremptory writ of mandamus. Findings of fact and conclusions of law were duly made by the trial court upon which judgment was entered. The petitioner appeals from the entire judgment and the respondent from certain portions thereof.

Section 3296, 1925 Supp. of 1913 Code requires the County Commissioners to advertise for bids to furnish election supplies for the primary election and election supplies for the general election and all blank books and supplies needed when such supplies exceed in value the sum of Three Hundred Dollars ($300.00). It further provides that the contract for said supplies should be let upon competitive bids and the lowest responsible bid must in all cases be accepted.

Pursuant to an advertisement for bids duly published the Dickinson Press filed with the county auditor on the 12th day of April, 1934, a list of the supplies to be furnished, stating "We hereby agree to furnish the foregoing and listed supplies and any other additional supplies, ordered for the use of Stark county at such prices as will

be set and approved for this class of work by the N.R.A. administrative board of the State of North Dakota for the printing industry."

The board of county commissioners met on the 12th day of April, 1934 to consider the bids. They questioned the legality of the bid filed by the Dickinson Press and were advised by the states attorney and an assistant attorney general that the said bid was illegal. At a later date the attorney general's office submitted another opinion stating in effect that if the ambiguous part of the Dickinson Press bid was made non-ambiguous and by an amendment to the effect that the Dickinson Press would furnish the goods on the schedule for a certain per cent less than the bid of the Bismarck Tribune Company that in such case the bid of the Dickinson Press might be considered by the board as a legal bid. The Dickinson Press filed an amendment to the bid in accordance with the letter from the attorney general's office, which amendment was approved by the county commissioners and on motion the contract for printing was awarded to the Dickinson Press on the 1st day of May, 1934.

On the 2nd day of May, 1934 petitioner started a special proceeding for mandamus. The matter came on for hearing on the 12th day of May, 1934 on a motion to quash by the state's attorney and assistant attorney general upon the ground that the court was without jurisdiction to issue the writ of mandamus, which motion was amended as follows: "Mr. Verret: I will ask to amend the motion to quash to include the ground that the proceeding is not brought by a proper party plaintiff for the reason that the plaintiff has no legal interest." This motion was overruled and the writ was granted.

Section 8458, Compiled Laws, 1913, reads as follows: "The writ must be issued in all cases when there is not a plain, speedy and adequate remedy in the ordinary course of law. It must be issued upon affidavit upon the application of the party beneficially interested." Under this statute it is clear that the writ of mandamus will not issue if there is a plain, speedy and adequate remedy in the ordinary course of law and the application must be made by a party beneficially interested.

In the instant case two bids for printing of election supplies were submitted to the county commissioners after legal publication of notice for the submission of bids. When the bids were opened the county

commissioners had some doubt as to the legality of one of the bids. They submitted it to the states attorney and to the attorney general and received opinions from both holding that the bid of the Dickinson Press was illegal. Later the attorney general's office filed with the county commissioners another opinion supplanting the former one and stating specifically that if the bid was amended and fixed at a per cent lower than any other bid it would be legal. It is made the duty of the county commissioners to advertise for bids for such printing and the law also requires them to award the contract to the lowest bidder. The law makes it their duty to determine which bid is the lowest bid and if it otherwise complies with the law they are required to award the contract to the lowest bidder. They did not act upon this matter until they received advice from the attorney general's office that such bid, as amended, would be legal and then the award was made in accordance with the advice of the attorney general.

In the case of Mogaard v. Garrison, 47 N. D. 468, 182 N. W. 758, the court said:

" 'The writ of mandamus may be issued to any inferior tribunal to compel the performance of any act which the law specially enjoins as a duty resulting from office, trust, or station.' Comp. Laws 1913, § 8457. Hence, when an inferior tribunal vested with jurisdiction to hear and determine a certain matter or proceeding refuses to act at all, it may be compelled by mandamus to act and make some determination. In other words, the inferior tribunal will be compelled to perform the duty which the law enjoins upon it, namely, hear and determine. But in such case, i. e., where the performance of an official duty or act involves the exercise of judgment or discretion, such judgment or discretion cannot be controlled by mandamus. In other words, while mandamus is regarded as the appropriate remedy to set the tribunal, empowered to exercise the judgment or discretion, in motion, it will not .control its motion, or direct how or in whose favor such judgment or discretion shall be exercised. High, Extr. Leg. Rem. 2d ed. §§ 149 et seq.; 18 R. C. L. pp. 124 et seq. See also Ex parte Newman, 14 Wall. 152, 20 L. ed. 877; Oliver v. Wilson, 8 N. D. 590, 80 N. W. 757, 73 Am. St. Rep. 784; State ex rel. Wiles v. Albright, 11 N. D. 22, 88 N. W. 729. And where a tribunal, vested with jurisdiction to hear and determine a certain matter ex-

ercises its jurisdiction by hearing and determining the matter, mandamus will not lie to review its proceedings or to revise its rulings. High, Extr. Leg. Rem. 2d ed. § 150; 18 R. C. L. pp. 124, 125. See also Ex parte Newman, 14 Wall. 152, 20 L. ed. 877, supra. The propriety of the writ of mandamus to review the action of a public body required by law to determine certain questions of fact was considered by the court of appeals of New York in People ex rel. Francis v. Troy, 78 N. Y. 33, 34 Am. Rep. 500. That case involved the designation of official newspapers for the city of Troy. The city charter required the common council to designate the newspapers (not to exceed four) having the largest circulation in the city, as official newspapers of the city. The common council having designated official newspapers, the relator, insisting that his newspaper was one of the four newspapers having the largest circulation in the city and entitled to be designated, applied for a writ of mandamus to compel the council to designate his newspaper as one of the official newspapers. In considering whether the action of the city council might be reviewed by mandamus, the court said: 'The further question remains, whether, when the duty of selecting the persons to be employed is imposed by law upon a public body, and the question whether they possess the necessary qualifications is one of fact, to be determined by it, no particular mode of determining the fact being provided by law, and the public body has exercised this power, and made the selection, its action can be reviewed by mandamus, and it can be compelled by that proceeding to appoint particular persons, on their allegation that in fact they, and not the persons actually selected, possess the prescribed qualifications.

" 'The office of the writ of mandamus is in general to compel the performance of mere ministerial acts prescribed by law. It may also be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner. It is not, like a writ of error or appeal, a remedy for erroneous decisions. Judges of Oneida Common Pleas v. People, 18 Wend. 92–99, and cases cited. This principle applies to every case where the duty, performance of which is sought to be compelled, is in its nature judicial, or involves the exercise of judicial power or

discretion, irrespective of the general character of the officer or body to which the writ is addressed.' "

In the instant case the county commissioners did act and the mandamus proceeding is not for the purpose of compelling action but for the purpose of compelling them to award the contract to the petitioner instead of the Dickinson Press. There may have been error in awarding the contract to the Dickinson Press but it was apparently an error made in good faith and on the advice of the attorney general's office.

In the case of Taubman v. Aurora County, 14 S. D. 206, 84 N. W. 784, this was a case where the owners of a newspaper filed an affidavit stating that his paper is one entitled to be designated as the official newspaper of the county. His paper was not so designated and he applied for a mandamus to compel the designation. The court said: "If he was aggrieved by said order, the statute gave him the right of appeal to the circuit court. Section 610, Comp. Laws provides that 'from all decisions of the board of commissioners upon matters properly before them there shall be allowed an appeal to the district (circuit) court by any person aggrieved, upon filing a bond,' etc. Section 611 provides: 'Said appeal shall be taken within twenty days after the decision of said board, . . .' Section 613 provides that all appeals thus taken to the circuit court shall be heard and determined de novo, and section 614 provides that the circuit court may make a final judgment, and compel the said board of county commissioners to comply therewith by mandamus and attachment as for contempt. It will thus be seen that the plaintiff had a full, speedy, and adequate remedy at law by an appeal to the circuit court, where the action would be tried in the same manner as any other action pending in said court.

"The principal question in this case is, therefore, could the plaintiff neglect to bring the case by appeal before the circuit court, and institute mandamus proceedings to enforce his rights therein? We are of the opinion that he cannot; that, as the statute has provided a speedy and adequate remedy by appeal, he must avail himself of such appeal, or otherwise be barred of his remedy. It would seem, from the proceedings in this case, that the time for appeal had expired when the application for the writ of mandamus was made to the

circuit court; but this cannot affect the question before us. Mr. High, in his work on Extraordinary Remedies, says: 'Whenever, therefore, an express remedy is afforded by statute, plain and specific in its nature, and fully adequate to redress the grievance complained of, mandamus will not lie. And the fact that the person has, by neglecting to pursue his statutory remedy, placed himself in such a position that he can no longer avail himself of its benefits, does not remove the case from the application of the rule, and constitutes no ground for interference by mandamus.' High, Extr. Rem. § 16; State ex rel. Wolff v. Sheboygan County, 29 Wis. 79; Louisville & N. A. R. Co. v. State, 25 Ind. 177, 87 Am. Dec. 358; Fogle v. Gregg, 26 Ind. 346; People ex rel. Secretary of State v. State Ins. Co. 19 Mich. 392; Territory ex rel. County Comrs. v. Cavanaugh, 3 Dak. 325, 19 N. W. 413; Marshall v. Sloan, 35 Iowa, 445; Pickell v. Owen, 66 Iowa, 485, 24 N. W. 8; Barnett v. Independent Dist. 73 Iowa, 134, 34 N. W. 780. See also 13 Enc. Pl. & Pr. 530 et seq., and cases cited." The South Dakota statute providing appeals from the decisions of the county commissioners are the same as the statutes of North Dakota §§ 3298 to 3302, inclusive, Compiled Laws 1913.

In the case of Strauss v. Costello, 29 N. D. 215, 150 N. W. 874, there was an application for final decree of distribution without paying the inheritance tax. The application was denied on the sole ground that such tax had not been paid, the court finding that all other things necessary and prerequisite to the issuance of such final decree had been done and performed. The appellant then applied for a writ of mandamus which was denied and this court, on appeal, said: "The law seems to be well established that the writ of mandamus cannot be employed to supersede legal remedies, but is intended to furnish a remedy where no adequate legal remedy is provided. The prerequisites necessary to warrant a court in granting the writ, are, first, that it appears that the relator has a clear right to the performance of the particular duty, second, that the law affords no other plain, speedy, and adequate remedy." The court further said: "But it is contended by the appellant that the county court refused to act, and that the writ will lie to compel action. We do not so construe the attitude of the judge of the county court. He did act. He took jurisdiction of the application for the granting and entry of a decree of final distribu-

tion, and acted thereon, holding that the petitioner had not shown facts entitling him to such decree. If the judge was in error, it constituted an erroneous decision on an application, of which he had taken cognizance, and was an error in judgment reviewable on appeal, and was not a refusal to take jurisdiction or to act. Mandamus does not lie to review errors of law occurring in the course of proceedings in an inferior court. Having assumed jurisdiction, the only function the writ could serve, if issued, would be to direct the judge of the county court what character of judgment to enter. This is seldom, if ever, proper. The superior court may command the inferior court to act, but may not direct its action."

This language applies forcibly to the instant case. The county commissioners did act in awarding the bid to the Dickinson Press. If that was an error that error is subject to review on appeal and the judgment of the court must be reversed in part and the writ denied.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.