No. 8835.

## PARISH OF ST. HELENA VS. R. Y. BURTON ET ALS.

| 35 | 521 |
|---|---|
| 110 | 477 |

In a suit against a defaulting Parish Treasurer and his sureties for funds embezzled by him, the sureties cannot set up as a defense the nullity of the Treasurer's bond, predicated on the failure of the members of the Police Jury who elected him to have taken the oath required by law within the prescribed time. That question cannot be raised in this collateral manner.

APPEAL from the Sixteenth District Court, Parish of St. Helena. *Kernan,* J.

*Chas. E. Lea,* District Attorney, for Plaintiff and Appellee.

*J. H. Muse* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. The Parish of St. Helena seeks judgment against its defaulting Treasurer and the sureties on his official bond for moneys received and unaccounted for by said Treasurer.

His defense is a general denial; the sureties urge the illegality and nullity of the bond which they executed with their principal, on the ground that the members of the Police Jury, by whom Burton had been elected Treasurer, failed or neglected to take the required oath of office within the time prescribed by law, by reason of which failure the members of the Police Jury were, for the same reason, incapacitated from representing the Parish in the present suit. It is also alleged in defense that one of the Police Jury had forfeited his right to said office, by subsequently accepting that of school director.

This appeal is taken by the sureties from a judgment against them and their principal *in solido,* according to the terms of the Treasurer's bond.

The pith and substance of the defense relied upon by appellants present the naked issue of the right of the members of the Police Jury to exercise the functions of police jurors at the time that they selected Burton as Parish Treasurer; at the time that they accepted his bond as such, and at the time that they brought this suit. The issue thus presented involves the consideration of the right to question collaterally the right of an officer *de facto* to the office which he holds.

The question has long since been removed beyond the domain of discussion by an unbroken line of decisions in our jurisprudence; and the solution of the problem is decidedly adverse to appellants' pretensions in their defense.

In the case of the State ex rel. Henry Williams vs. Persedorff, constable, etc., 33 An. 1412, this Court held that a party arrested and held

in custody under a *mittimus* issued ·by a magistrate *de facto* actually performing the functions of justice of the peace, could not inquire, in a proceeding by *habeas corpus*, into the right of such magistrate·to the office which he holds.

In 29 An. 399, State ex rel. Jumel vs. Johnson ; in 21 An. 336, State ex rel. Hero vs. Pitot ; in 12 An. 719, State ex rel. Vienne vs. Hyams, it was held that the right to office could not be tested under a proceeding by mandamus. It stands to reason that these principles will apply with irresistible force to a case where an officer attempts to dispute the right of those from whom he received and accepted an important trust.

A similar defense was attempted in the case of The Mayor and Selectmen of the Town of Homer vs. T. S. Merritt et als., 27 An. 568, in which the sureties on the bond of the town collector sought to escape responsibility under their bond by urging that their principal had not been legally elected collector. The Court disposed of their defense in a very summary manner, holding that "this question cannot be raised in this collateral manner." "It is a fact that the principal on the bond did act as collector, at least under color of authority, and that he did collect the licenses and fines imposed by those who were acting under color of authority ; he must account for the moneys collected by him, even though unduly collected, and the sureties bound themselves to do so, if he did not."

This is the precise obligation contracted by these appellants, and the courts of the country will not allow them to dispute the very authority under which their principal received his mandate, for the faithful performance of which they bound themselves in his official bond.

In the light of the events shown by the record it is to be deeply regretted that appellants did not manifest the same solicitude concerning the proper qualification of the police jurors, before the execution of the bond, which they now bring to bear as means of defense against the recovery by the parish of its embezzled funds.

Our conclusion is, that the District Judge very properly excluded all the evidence offered in support of the special defense set up by the sureties, and that there is no error to the prejudice of appellants in the judgment rendered by him.

In his brief appellee's counsel complains of certain credits erroneously allowed to the defendant Burton ; but in the absence of a motion to amend the judgment, his suggestion cannot be entertained.

Judgment affirmed.