No. 11,484.

MARY E. CLARK AND HUSBAND ET ALS. VS. JOHN COMFORD ET AL.

ON MOTION TO DISMISS THE APPEAL.

The deputy clerk certifies that the transcript of appeal, together with the record of a previous appeal, is a correct transcript of all the proceedings.

The appellants were parties to the suit in the previous case and failed in their attempt to sustain their appeal.

*Held:* that records of the clerk's office of this court may be used here, on appeal, to complete the record of a transcript, when it is manifestly a correct transcript of the proceedings in the court of original jurisdiction, and that another transcript would only be a second copy of the proceedings.

ON THE MERITS.

The reasons assigned in a case previously decided and the decree are adopted and followed.

The plaintiff and appellant whose rights were considered and passed upon in the prior appeal, in which he alone was appellant, was the co-plaintiff, in the District Court, of the appellants, in the case at bar.

Two separate appeals were taken at different times from one judgment.

The reasons and decree in deciding the issues on the first appeal are determinative and followed in the second appeal.

APPEAL from the Sixteenth District Court, Parish of Livingston. *Reid, J.*

*J. L. Bradford* and *Calhoun Fluker* Attorneys for Plaintiff and Appellant.

*Cross & Cross* filed motion to dismiss, but did not argue the case or submit briefs.

The opinion of the court was delivered by

BREAUX, J. This case was before us for decision at the last term. 45 An. 502.

This court decided that only one plaintiff, to-wit, Nathaniel Ewing, was a party to the appeal.

The bond of appeal was executed by him alone.

The other appellants not having executed any appeal bond whatever the court decided that they could not be heard in that capacity.

As to those plaintiffs and appellants who had not furnished bond, the judgment of the court *a qua* at that time remained, rejecting their demand to be recognized as owners of the property described in their petition.

Also rejecting their prayer to annul and set aside an agreement of sale, and to annul and set aside the sale of any portion of the land by John Comford to Thomas Cockerham, and denying the rent claimed and their right to possession.

The judgment thus rejecting the demands of plaintiffs was signed by the judge of the District Court on th 12th day of December, 1892.·

There was judgment rendered "as against the appellant of non-suit, leaving all questions open between appellant and defendant which are involved in this litigation."

The decree reads: "For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court, in so far as it affects the appellant, Nathaniel Ewing, be and the same is hereby annulled, arrested and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the defendants against the plaintiff, Nathaniel Ewing, dismissing his demand as in case of non-suit."

In this state of the case there was an absolute judgment in the District Court in favor of the defendants and against all the plaintiffs, except Nathaniel Ewing, appellant, against whom there is a judgment of non-suit, pronounced by this court.

On the 31st day of August, 1893, Mary E. Clark, wife of Robert D. Clark, and all her co-plaintiffs in the suit except Nathaniel Ewing, who had been non-suited on appeal, obtained an order of appeal returnable to this court on the second Monday of February, 1894. The appeal was perfected by furnishing the required bond.

### MOTION TO DISMISS THE APPEAL.

The appellees represent that the appellants have completed their record in this case by annexing the record in Clark *et al.* vs. Comford, No. 11,220 of the docket of this court.

That the clerk who certified the original record died before the certificate to the record in the case at bar was made, and that the deputy clerk who certified to the correctness of the transcript could not possibly have knowledge of the facts so certified to by him.

The deputy clerk, whose authority is questioned, certifies that the transcript in the case at bar, together with the record already filed in this court in the case heretofore dismissed by us (viz.: the case of Clark *et al.* vs. Comford *et al.*, No. 11,220), is a correct transcript of all the proceedings in the case of Mary E. Clark *et al.* vs. John Comford *et al.*, No. 201 of the District Court, the case now before us on appeal.

The plaintiffs, prior to the last appeal, and the appellant Ewing, had deposited a transcript which formed part of the records of this court.

It contained copies of all proceedings, except those subsequently copied, on four pages which constitute the record of the last appeal, to enable them to bring up their appeal.

There is not a fact needful to a decision of the case that is not before us on appeal.

The appellees do not complain that the transcript is incomplete; they only urge that the officer could not certify to the correctness of the first transcript filed (*i. e.*, of the transcript of record in the decided case).

That transcript has the certificate of the clerk in office at the date of the appeal. It needs no further certification.

Generally, these records of appeal must remain in the custody of the clerk of this court and no permission will be given to use them as evidence and to actually introduce them in evidence in the trial of cases in other courts.

There can be no well founded objection, however, to the use here on appeal of a former record in this court in order to avoid copying twice the proceedings of a case.

This practice has received sanction when preceded by agreement of counsel.

The court also has granted permission to use records here, within its direct control, to complete a transcript when it was evident that they contained correct copies of the proceedings needful on appeal.

Vredenburg vs. Behan, 32 An. 261; Harrison & Bro. vs. Their Creditors, 43 An. 91.

It is manifest that there is of record complete transcripts of all the proceedings and that each transcript has to it a legal certificate.

Had an agreement been entered into between counsel prior to the last appeal, to have the record annexed as forming part of the records, it would have served all purposes without question.

Had an order of this court been applied for (the more regular practice), under the circumstances it would have been granted.

The failure to apply for the order will not carry with it the dismissal of the appeal, it being evident that the case is properly before us for decision.

The motion to dismiss the appeal is therefore overruled.

### ON THE MERITS.

Counsel for the appellants in support of their appeal refer us to the statement of facts upon which the case, in so far as relates to Nathaniel Ewing, was submitted to this court and to their brief in that case.

The issues received careful consideration at the time.

No good reason is urged to justify a change from our previous decree or to recall any of the grounds upon which it was based.

The conclusion reached must be the same in the case at bar, and the reasons assigned must be held to apply.

All the plaintiffs have the same rights and are subject to the same responsibility.

It follows that the same is true of the defendants *inter se*.

It is ordered, adjudged and decreed that the judgment of the District Court appealed from in this case, in so far as it affects the appellants, Mary E. Clark, assisted by her husband, Robert D. Clark, Mary V. Ewing, John K. Ewing, Jr., Samuel E. Ewing, Belle E. Howell, Eliza W. Wilson, assisted by her husband, R. H. Lindsay, Catherine W. Wilson, assisted by her husband, H. W. Hazard, and Mary Wilson, assisted by her husband, J. W. Harrison, be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the defendants against the plaintiffs, Mary E. Clark and others, above named, dismissing their demands as in case of non-suit.