No. 11,743.

STATE OF LOUISIANA EX REL. P. H. LEGENDRE ET AL. VS. THE CLERK OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

The stenographer in the Civil District Court is an officer of the court. Sec. 1, Act No. 94 of 1876.

Sec. 1, Act No. 3 of 1894 requires that the original testimony taken by the stenographer shall be embodied in the transcript of appeal.

A rule of the District Court, which requires "leave of the court" to be obtained before sending up original papers to the Supreme Court, yields to the statute. The "order of the law" takes the place of "the leave of the court."

APPLICATION for a Writ of *Mandamus*.

*A. J. Lewis* for Relators.

*Armand G. Romain* for Respondent.

The opinion of the court was delivered by ·

NICHOLLS, C. J.    Relators allege that they are appellants from a judgment rendered against them on January 2, 1895, and signed January 14, 1895, in favor of plaintiff, in the matter entitled Emile Muller vs. P. H. Legendre *et als.*, No. 43,839 of the docket of the Civil District Court for the parish of Orleans.    That the appeal which they have taken has been made returnable to this court on the third Monday of February, 1895.    That the testimony taken in said case was taken down by a stenographer on October 17, 18 and 19, 1894, and that the original copy of his extended notes was duly filed in December, 1894, and is now in the custody and keeping of the clerk of the said Civil District Court.    That Act No. 3 of the General Assembly of this State, approved June 4, 1894, entitled " An act to provide for the saving of costs to litigants in cases appealable to the Supreme Court, and repealing all laws in conflict therewith," makes it the duty of the clerk in preparing the transcript of appeal in any case where the appeal lies to this court in which the testimony has been taken down by a stenographer, and the original copy of said testimony has been filed, to embody in the transcript of appeal the said original copy of said testimony.    That for this testimony the clerk shall make no further charge.    They aver that they have made due demand upon said clerk to deliver to them the transcript of appeal in said cause, made according to law, and particularly in conformity with the provisions of said Act No. 3, approved June 4, 1894, and that said clerk refuses to comply therewith.    That said action of the clerk operates a great hardship to relators and causes them a denial of justice against which they are without remedy other than that of invoking the powers of this court, which is now vested with sole and exclusive jurisdiction of said cause, as said lower court has granted relators an appeal from said judgment to this court, and relators have filed with the clerk the requisite bond of appeal; all of which was done prior to said demand being made on the clerk to comply with the law and to deliver to relators a transcript of appeal in accordance therewith, and his refusal to do so.    That their only remedy is a writ of *mandamus* to compel him to perform that duty. They pray for a writ of *mandamus* ordering the clerk to embody in the transcript of appeal to this court the original copy of all testimony taken down by the stenographer in the suit of Emile Muller vs. P. H. Legendre, No. 43,889, Civil District Court for the parish of

Orleans, and for which testimony said clerk shall make no further charge, or else that he show cause to the contrary. They further pray for general relief and for an extension of time within which to file said transcript of appeal. The District Clerk having by this court been ordered to show cause why a writ of *mandamus* shall not issue as prayed for, assigns for cause:

" That an appeal was taken by relators from a judgment rendered against them in proceedings No. 43,389 of the docket of the Civil District Court, as recited by them in their petition.

" That a demand was made upon him to furnish without charge a copy of the entire testimony filed in the original record of the said cause.

" That said demand was refused and not complied with for the following reasons:

" 1. That the act known as Act No. 3 of the session of 1894, invoked by relators, specially states and provides ' that in all cases in the courts of this State wherein an appeal lies to the Supreme Court of this State and where the testimony is taken down by a stenographer, that the stenographer, in reducing his notes to writing, shall make a duplicate copy of said testimony, without charge, the original of which, in case of appeal, shall be embodied in the transcript, while the duplicate copy of said testimony shall remain in the record of the case in the lower court.' *Vide* Act 3 of 1894.

" 2. That in the record No. 43,839, herein referred to, only one of said copies of the testimony taken down by the stenographer was filed.

" 3. That in accordance with the rules adopted by the Civil District Court sitting *en banc* ' neither the original testimony taken in a cause nor the original documents offered in evidence therein shall be incorporated in or annexed to transcripts of appeal to the Supreme Court, without leave of the court first obtained, and without replacing said testimony and documents by copies certified by the clerk.' *Vide* amendment to Sec. 7, Rule 21, June 28, 1893.

" That it was the duty of the relators to see that the stenographer furnished two copies without charge, and that these two copies so furnished were filed in evidence in the record below. That it was not the clerk's duty and office to see that records be completed by parties or persons over whom he has no supervision or control." For these reasons he prayed that the application for a *mandamus* be denied and dismissed.

We are of the opinion that the relator is entitled to the *mandamus* applied for.

By Sec. 1 of Act No. 3 of 1894, it is enacted that in all cases appealable to this court "the stenographer in reducing his notes to writing shall make a duplicate copy of said testimony, without charge, the original of which in case of appeal to the Supreme Court shall be embodied in the transcript, while the duplicate copy of said testimony shall remain in the record of the case in the lower court, nor shall the clerk of the court be allowed to charge for the testimony so embodied in the transcript."

We are informed by the District Clerk in his answer that there is now on file in the record of the case No. 43,839 on the docket of the Civil District Court the testimony taken down in the cause by the stenographer, reduced to writing from his notes, but that the stenographer has failed to comply with the requirements of the law, in that the testimony has not been made out in duplicate; also that he (the clerk) is not justified in embodying the notes, actually furnished by reason of a rule of the District Court, which prohibits the sending up to the Supreme Court the originals of papers which have been filed in the District Court without leave of court first obtained, and without the replacing of the said documents by copies certified by the clerk.

The reasons assigned do not justify the clerk's course. If the stenographer has failed, as he states, to transcribe the testimony in duplicate, as he was legally required to do, all that was required was, that the clerk should report that fact to the District Judge. The stenographer is *an officer of the court (Sec. 1 of Act No. 94 of 1876)*, and he would unquestionably comply with any orders of the court in respect to furnishing a duplicate. The testimony in the case is now on file in the cause evidenced by a paper, which has to be taken and considered as the "original" referred to by the law. This "original" is the document which is directed to be embodied in the transcript, and there is no reason why the requirements of the statute should not be complied with. The missing paper is not the original, but the copy, and this copy can be obtained, either from the stenographer, or it can be made out by the clerk himself, and the same be retained as part of the record should he fear to violate the rule he mentions.

The "leave of court" which the rule requires to be obtained ap-

plies to papers and documents other than the testimony taken down by the stenographer. The District Court would be powerless, in view of the statute, to withhold this particular document or paper from the transcript, and therefore its permission to embody it therein is not needed. The *"order of the law"* takes the place of *"the leave of the court."*

Relator has applied for an extension of the time at which the transcript shall be filed. In view of the clerk's refusal to perform an act *specifically* required of him in the making out of the transcript, we think he is entitled to the delay he asks. Succession of Jacobs, 5 Robinson, 270.

For the reasons herein assigned it is ordered that the clerk of the Civil District Court for the parish of Orleans do embody in the transcript of the appeal to this court from the judgment, in the matter of the suit No. 43,839 of the docket of that court, the original paper furnished by the stenographer in that case, containing the testimony taken therein reduced to writing by the stenographer from his notes and filed in the said cause, and forthwith deliver the transcript with the said testimony therein embodied to the relator on his demand according to law, and that a writ of *mandamus* issue accordingly. It is further ordered that appellant, in the suit No. 43,839, be granted an extension of time within which to file the transcript in the said cause until February 27, 1895.