No. 12,942.

STATE EX REL. WM. J. TANNER VS. POLICE BOARD OF THE CITY OF NEW ORLEANS.

### SYLLABUS.

If the action of the Police Board of the city of New Orleans in removing a police officer from the force had been of a character such as to be an absolute nullity, the officer so removed being still legally on the force, would have been entitled to be so recognized; and *mandamus* could properly issue to the Board directing it to do so, but the action taken in this case was not null and void, and the District Court properly refused to issue the writ.

ON APPEAL from the Civil District Court for the Parish of
Orleans. *King, J.,* acting for *Rightor, J.,* absent on leave.

---

*William J. Hennessey* and *Benjamin Rice Forman* for Plaintiff,
Appellant.

---

*Samuel L. Gilmore,* City Attorney, for Defendant, Appellee.

---

Argued and submitted February 24, 1899.
Opinion handed down April 17, 1899.
Rehearing refused May 15, 1899.

---

The opinion of the court was delivered by
NICHOLLS, C. J.   William J. Tanner, a corporal in the police force
of the city of New Orleans, applied to the Civil District Court, for the
parish of Orleans, for a writ of *certiorari* commanding the Police
Board of that city to send up to that court the record of its proceed-
ings against him, to the end that their validity might be ascertained,
praying that its sentence dismissing him from that force be decreed
to be null and void, but praying in the alternative, "should *certiorari*
be held not to be the proper remedy in the premises, that a writ of
*mandamus* issue to said board to reinstate him as corporal of the
police force, and to amend its sentence to a fine of ten days' pay, and
in the alternative, if this could not be done, then try him anew, and if
found guilty of drunkenness (of which offence he denied being guilty)
that the board, for the first conviction fine him only ten days' pay,
and that the writ be made peremptory commanding the police force to
recognize him as corporal of the police force, and entitled to his pay,
until the board should have regularly tried him and imposed a legal
sentence of only ten days' pay, if from the evidence they find him
guilty of drunkenness while on duty."

The allegations on which this remedy and relief were asked were
that he had been for several years a corporal of the police force of
New Orleans.

That on the 12th of February, 1896, the Police Board, acting in its
legislative capacity, adopted resolutions (a copy of which was
annexed) by which a member of the police force, convicted of drunk-
enness for the first time, should be fined ten days' pay; for the second

offense, twenty days' pay, and for the third offense he should be summarily dismissed from the force.

That these resolutions had never been repealed, and were in force, and had been in force, and constituted the law regulating such cases, and the Police Board was bound thereby when acting in their judicial capacity, and the board had no power to dismiss a member of the police force for the first conviction of drunkenness.

That he was, on the 12th of November, charged with drunkenness, and that it was not charged that he was previously convicted of that or any other offense, and, as a matter of fact, he had not been previously convicted of that or any other offense as a member of the police force, and on the 22nd of June, 1898, he was tried and by a vote of three to three, the Mayor giving the casting vote against him, he was convicted of drunkenness and was dismissed the force and the act of that tribunal was null.

Alternative writs issued.

The Police Board, for return, said:

First—That the court was without jurisdiction *ratione materiae.*

Second—That the petition disclosed no cause of action.

Third—That respondents had already acted upon and decided the matter in controversy, and the court was without jurisdiction or authority to control or review its action in the premises.

Fourth—That it was not the legal duty of respondent to take any futher action in plaintiff's case, and no such duty could be imposed upon it by means of the writs of *certiorari* and *mandamus.*

Fifth—That respondent was without legal power or authority to take any further action in plaintiff's case.

Sixth—That plaintiff having been finally dismissed from the police force, any further action in his case by respondent would be in vain, for the reason that respondent was without power or authority to order his reinstatement on the force, all applicants for admission on the same being regulated by Section — of Act No. 95 of 1896, and Section 65 of Act No. 45 of 1896, to undergo civil service examination by the Board of Civil Service Commissioners of the City of New Orleans.

Seventh—That the facts stated in plaintiff's petition were untrue in this; that respondent never did, at any time, adopt a resolution by which a member of the police force, convicted of drunkenness for the first time, should be fined ten days' pay; for the second time, twenty

days' pay, and for the third offense dismissed from the force; that the fact was that the resolution adopted by the said board on the 12th of February, 1896, was only to the effect that when a member of the police force, having been a regular member, shall have been convicted for the first time on the charge of drunkenness at a trial before the Board of Police Commissioners, the punishment applied should not be less than ten days' pay; for the second offense, twenty days' pay; for the third offense, the officer shall be summarily dismissed from the force without recourse.

The board annexed to its return a certified copy of the proceedings in the plaintiff's case.

The resolutions referred to in the pleadings were as follows:

"Whereas, in the recent past there have been more cases of drunkenness for trial before the board than usual, and it is of the utmost necessity in order to thoroughly discipline the police force to apply a strong remedy to eradicate this evil;

"*Be it resolved*, That it is necessary to deal in a summary manner with all officers convicted of drunkenness;

"*Be it further resolved*, That when a member of the police force having a regular number shall have been convicted the first time on the charge of *drunkenness* at a trial before the Board of Police Commissioners, the punishment applied shall be not less than ten days' pay; for the second offense, twenty days' pay; the third offense, the officer shall be summarily dismissed from the force, without recourse."

The record sent up shows that the plaintiff was tried and dismissed upon a charge of *drunkenness and conduct unbecoming*.

The 7th Section of Act No. 63 provides that each officer and member of the said police force shall hold office during good behavior, and shall be liable to removal from office after written charges shall have been preferred against him and due trial had according to the rules and regulations of said board.

The 13th Section gave power to the board, in their discretion, on conviction of any officer or member of said police force for any legal offense or neglect of duty, or violation of rules or disobedience of orders, or incapacity or absence without leave, or any conduct injurious to the public welfare, or immoral conduct, or conduct unbecoming, or other breach of discipline, to punish the offender by reprimand, forfeiture, or suspension of pay for a specified time, or by dismissal from the force.

State ex rel. Tanner vs. Police Board.

The Police Board, in the 16th Section, were empowered in their discretion, in furtherance of the police government and for promoting and perfecting the police discipline of officers and subordinates of the police force, to enact, modify and repeal, from time to time, orders, rules and regulations of general discipline wherein, in addition to such general provisions as may be deemed expedient by the board, there might be particularly defined, enumerated and distributed the powers and duties and liabilities of the officers, clerks and members of the police force, and wherein should be declared the mode of appointment to office, the manner of discipline and procedure of trial and removal from office of the said officers, clerks and members of said force, provided that such laws, ordinances, orders, rules and regulations, forms and modes of procedure should not conflict with any of the provisions of the said Act No. 63.

### OPINION.

In Am. and Eng. Ency. of Law, *Verbo* Mandamus, Subdivision "Reinstatement of Member," it is declared that mandamus will not lie to compel a corporation to reinstate a member who has been regularly tried and expelled therefrom. But where the proceedings were not in accordance with the by-laws of the society, a writ of mandamus will lie against the officers and society to compel reinstatement of expelled members. Numerous authorities are cited in support of that proposition. (See, on this subject, 15 Ann., 73).

They have considerable bearing upon the question submitted to us in this case, though the latter is not identical with those referred to. The issue here is one between a police officer and a State Board having authority to try and under some circumstances to remove members of the police force from office.

It is not contended that the proceedings were irregular, but that the judgment reached, and the sentence pronounced, were absolutely null and void, and not such as it was within the power and authority of the board to render.

Plaintiff claims that if this be true he is still, and in spite of the judgment and sentence, a member of the force, and entitled to be recognized as such, and that it is respondent's duty to do so.

We take cognizance of and dispose of the case from that standpoint. (Windsor vs. McVeigh, 93 U. S., 274).

The record does not bear out plaintiff's allegations.

The judgment and sentence are not nullities.

The charge upon which plaintiff was tried and dismissed was not simple drunkenness, but "drunkenness and conduct unbecoming," a charge very materially different and much more serious.

Drunkenness, unattended with aggravating circumstances, might not, in some particular case, call for a very heavy penalty, while intoxication, resulting in unbecoming conduct on the part of the drunken person, might justify the infliction upon the offending party of the heaviest punishment which the enforcement of the rules of the board would admit of and permit. But even had the charge upon which plaintiff was tried and dismissed been one of "simple drunkenness," we find nothing in the resolutions brought to our attention which would render the board's action illegal.

They simply fixed the *minimum* penalty which might be inflicted upon officers of the force when convicted for the first and second times, and withdrew all discretion from the board as to the punishment which would follow from the conviction for a third offense, fixing it definitely, in advance, at dismissal. Power to dismiss an officer from the force, upon a first or second conviction for drunkenness, was not withdrawn by the resolutions. It was upon the lower and not the higher limit of punishment that restrictions were provided for.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby affirmed.

MONROE, J., takes no part, not having been a member of the court when this case was submitted.