(35 South. 641.)

No. 14,931.

STATE ex rel. BLUM et al. v. WELLS, Clerk of Court.

(Dec. 14, 1903.)

APPEAL—RECORD—BILL OF COSTS—MANDAMUS
—CLERK OF COURT—REFUSAL OF RECORD.

1. A clerk of the district court should, in anticipation of a demand made upon him for the delivery of a transcript of appeal, prepare a bill of costs, and have same approved by the district judge. If he does not do this, and a contest arises as to the correctness of the bill, and the clerk refuses to deliver the record, the most appropriate and expeditious course for appellant to pursue is to apply to the district court for a mandamus to the clerk. He has a concurrent right, however, to apply to the Supreme Court.
2. A district clerk, who himself pays a sheriff his costs for making service of citations of appeal, has no right to refuse delivery of the transcript of appeal to appellant until he should have been reimbursed the amount.

(Syllabus by the Court.)

Application by the state, on the relation of S. Blum and others, for writs of mandamus and certiorari to I. C. Wells, clerk of court. Denied.

Wade Ross Young, for relators. I. C. Wells, in pro. per.

Statement of the Case.

NICHOLLS, C. J. Relator avers: That in 1900 the commercial firm of S. Blum & Co. and others instituted a suit in the district court for the parish of West Carroll against A. J. Wyly, sheriff.

That exceptions were filed to the same, and at the September term of the court in 1901 the case was taken up and tried upon the same in the absence of plaintiffs and their counsel, and final judgment was rendered for defendants sustaining the exceptions and dismissing the suit. That plaintiffs, being unable at the time to furnish bond with se-curity residing in the parish, obtained an order of appeal, and deposited with the clerk of the court a certain sum of money in lieu of security. That on motion to dismiss the petition Mrs. S. Blum, suggesting the dissolution of the firm of S. Blum & Co., and the removal of her husband, the owner and hold-er of the note sued on, to the state of Mississippi, his death there, and her heirship, was admitted as a proper party plaintiff and appellant to the suit, and it was revived in her name; but that the Supreme Court dismissed the appeal because the bond was not conditioned according to law.

That petitioners, availing themselves of the two years allowed to nonresidents to appeal, obtained from the judge of said court an order of devolutive appeal upon their furnishing bond with security, conditioned according to law, in the sum of $100, and a' further order directing the clerk of said court to issue citations to the defendants, and to embody into a supplemental transcript the petition, order, and bond of appeal, and the citations to be certified as provided by law and by the rule of. the court. Clark v. Comford, 46 La. Ann. 383, 15 South. 498; Harrison v. Creditors, 43 La. Ann. 91, 9 South. 15. That petitioners have executed their bond, conditioned according to law and to the order of the court, and the same had been taken and approved by the clerk; but that said clerk, as would appear by his letter annexed to their petition, now demands of petitioners the sum of $14.50, when the cost of such supplemental transcript could not possibly exceed $2.50, and refuses to deliver the transcript until the said sum of $14.50 is paid to him. That petitioners had filed their bond, conditioned according to law, in the sum of $100, and they know of no law by which they can be required to pay the costs of the sheriff, or any other costs than that of making the transcript; and, unless they can have some relief from this court, must either submit to the extortion or be denied their appeal.

That they are unable to tender to the clerk the costs of making the supplemental transcript, because they have no means of knowing the amount of such costs, but are perfectly willing to pay any reasonable amount as soon as the same could be fixed and de-termined.

In view of the premises they pray for a writ of mandamus and of certiorari directed to the clerk of court for West Carroll commanding him to show cause why he should not accept the legal fee for the making of said supplemental transcript according to law, and that upon his failure so to do he be ordered peremptorily to deliver the said transcript to petitioners or their attorney, or to transmit the same to the supreme court upon the payment of his legal fee for making and certifying said supplemental transcript according to law, and for such other and further relief in the premises as the nature and the circumstances of the case will admit. State ex rel. Washington v. Clerk, 23 La. Ann. 762; State ex rel. Richard v. Robertson, 28 La. Ann. 580.

On reading this petition the clerk of the district court was, on the 22d of June 1903, ordered to show cause before the Supreme Court at chambers on July 3, 1903, why the writs of mandamus and certiorari should not issue as prayed for. It was further ordered that the return day for the filing of the appeal be so extended as to protect the appeal pending the proceeding taken to perfect and render same available. The other parties in interest were ordered to be notified.

To plaintiffs' petition was annexed a letter from the clerk under date of June 13, 1903, in which he wrote:

"Several days ago I sent your bill of costs of transcript with the sheriff's costs in service but havent heard from you and thinking probably the letter went estray I write again my cost is............................ $11.50
"Sheriffs ...........................   3.00
                                       ———
"Total ...........................  $14.50
"The transcript is ready and will be forwarded to you on receipt of the cost."

The district clerk, in answer to the rule averred that some time since he notified Mr. Young, plaintiffs' attorney, that there was due cost bill to the clerk and sheriff, bills being itemized in the above suit, and that the sheriff has refused to serve any further papers until his fees were paid; that he also called upon plaintiffs for the accrued costs, and they refused payment thereof, stating that they were not responsible for the costs; that their attorney, W. R. Young, had the case upon a contingent fee, and that he would be responsible, and pay all costs in the litigation; that the plaintiffs or their attorney would not pay the accrued cost, or give bond as is required by law; that, in order to get these papers served at this date, he had become personally responsible to the sheriff for his fees in the matter, and in doing this he felt that he would have to liquidate this debt out of his pocket, besides losing whatever of cost bill that was due him; that he had had considerable trouble with Mr. Young in collecting his cost bills from Mr. Young; that he understood that the cost bill in this suit was to be paid before he would be required to further proceed with the transcript; further, that he had that day forwarded to the clerk of the Supreme Court the transcript of this case, notwithstanding Mr. Young was due cost bills to something over $14, which he had not paid, and refused to pay; and, further, that his charges had all been strictly within accordance of the legal fee bill.

### Opinion.

The defendant having transmitted to the clerk of this court the transcript which relators sought to have delivered to them, that transcript having been filed in this court, and the appeal docketed, and the object in view attained, there is now no reason for directing the writ of mandamus to issue. This application had, however, to be disposed of.

Relators had the right to invoke the authority of this court to compel the delivery of the transcript in this case to them, but, the defendant being a mere ministerial officer of the district court, and the preparation of the transcript being a ministerial act, relators had also the right to apply for the same purpose to the district judge, notwithstanding the appeal taken. That would have been the more appropriate and expeditious course to pursue.

The district clerk was entitled to be paid the fees due him for making the transcript of appeal before delivering the same to the appellants, but it was his duty in anticipation of a demand for such delivery to have made an itemized account for those fees, and had the district judge verify and approve it. Had he pursued this course in the present instance, this controversy would probably never have arisen, for it is to be presumed that

he would have been informed by the judge that the supplemental transcript which he had been directed to prepare included, as it was made, copies of proceedings in the Supreme Court, which had properly no place in it, and therefore could not be legally charged for. To justify his action in withholding a transcript of appeal, a clerk must make certain that the amount of fees which he demands is correct. The amount which defendant demanded from relators was not correct, and his action therefore was unwarranted. It would have been safer for relators to have paid the account under protest than to have taken the risk of a mistake on their own part, carrying with it such serious possible consequences. The defendant erred in insisting before delivering the transcript of appeal to relator that he should be reimbursed for the fees of the sheriff in citing the appellees, which he had himself paid to that officer. Relators had furnished an appeal bond, and we have been referred to no law which would have justified the sheriff in refusing to serve the citations of appeal or in making returns upon the same until his fees had been paid. There was no legal obligation on the part of the clerk to advance those fees. His act in doing this was purely voluntary, and it did not confer upon him the right to retain the transcript until he should be paid.

For the reasons herein assigned it is hereby ordered and decreed that a writ of mandamus do not issue as prayed for, but that the defendant clerk of court pay the costs of these present proceedings.