Statement of the Case.
NICHOLLS, J.
This application is based upon the following allegations:
That relators are the heirs of the íate Owen Glancey, whose succession has been opened in the civil district court. That in *1067 certain proceedings had in said succession, relating to the necessity of the appointment of a dative executor, certain evidence was taken in shorthand by the official stenographer of said civil district court, Division O.
That relators, having been cast in the proceedings, and desiring to appeal from the judgment rendered against them, which appeal is cognizable by this honorable court, have requested and offered to pay as provided by law for the testimony taken by the official stenographer of said court, but same has been refused unless relators would pay to the stenographer direct in cash' for said testimony. That said stenographer was appointed and sworn by the district judge, and is therefore the official stenographer of the court, and an officer thereof. State ex rel. Legendre v. Clerk Civil Dist. Court, 47 La. Ann. 358, 17 South. 48. That it is provided by Act No. 94, p. 149, of the Session of 1876 of the Legislature of this state (section 6, p. 150, quoting):
“That the shorthand reporter is entitled to collect his fees from the plaintiff in suit on his sworn statement of the correctness of his charges approved by the judge to be taxed as part of the costs of the suit and shall be payable at the time and in the manner provided by law for the payment of the costs of clerks of the district courts of this state.”
That since the adoption of the Constitution of 1898 all court costs are payable in a general fund, known as the “Judicial Expense Fund,” which is collected by the clerk of the district court of the parish of Orleans for all costs incurred in' said court, and by him turned over to the city of New Orleans) out of which funds the expenses for salaries of clerks, etc., are paid by said city of New Orleans — the whole as provided by article 156 of the Constitution of 1898. That the payment of the fees exacted by the stenographer from relators in the instant case is illegal and unauthorized by law, and relators are entitled to a writ of mandamus, directed to the district judge, ordering and commanding him to require the official stenographer of his court to turn over to relators the evidence as transcribed by him in the said matter of the succession of Owen Glancey upon payment by relators to the clerk of court of the fees fixed by law for the cost of taking said evidence; relators having made due application to the district judge for an order by him in the premises on the official stenographer, which was refused by the district judge, or, if the mandamus should be directed to'A. E. Oliviera, Esq., the official stenographer, that this court do issue it.
That relators have given due notice of their intention to make this application.
In view of the premises, relators pray that an alternative writ of mandamus issue herein, directed to the Honorable John St. Paul,, judge of the .civil district court, Division G, and to A. E. Oliviera, Esq., stenographer,, commanding them, or either of them, to deliver to relators the testimony taken in the-succession of Owen .Glancey upon payment to the clerk of the civil district court of the' fee therefor as provided by law, or that they be ordered to show cause to the contrary on a day to be fixed by this honorable court, and that after due hearing said writ be made peremptory, with costs..
A ruie nisi having issued, the district judge and A. E. Oliviera, the stenographer, answered as follows: That in the matter of the succession of Thomas Glancey there was. filed on December 21, 1904, by the counsel for Thomas Glancey, Jr., and Owen Glancey,. relators, a rule reading as follows:
“On motion of Theodore Ootonio, of counsel for Thomas Glancey and others, on appeal, and on suggesting to the court that movers desire to appeal from the judgment herein rendered, dismissing the application for letters testamentary, and that before doing so it is necessary that the record should be completed, and the evidence taken on the trial of said application filed, it is ordered by the court that A. E. Oliviera, the-official stenographer of this court, show cause on January 6, 1905, why he should not deliver to' mover the evidence taken on the trial of said application, upon mover paying therefor at the legal rate to the clerk of this court the amount due for evidence.”
*1069 That said rule, though fixed for January 6, 1905, was by consent of parties taken up and tried on December 23, 1904. That testimony and a note of evidence was taken, on that day, which is hereto annexed as part of this return, and, on consideration of the matter and after hearing same, this respondent rendered judgment discharging said rule, as follows:
“The rule to produce evidence herein came up this day: Present: Theodore Cotonio, Esq., for plaintiff in rule. A. E. Oliviera, Esq., defendant in rule, in p. p.
“And after hearing pleadings, evidence, and counsel for the reasons orally assigned in open court on this day, it is ordered that .said rule be dismissed at the costs of the movers.”
That from said judgment no appeal has been taken or asked for, and, from the facts disclosed on the trial of said rule, this respondent submits to this court that the relators have no cause for complaint, for the reason that the testimony taken in said succession, and which relators say they desire, was offered to them through their counsel, who refused to pay the costs thereof, $6.66.
Now, this respondent further represents that the clerk of the civil district court has nothing to do with the taking of testimony, or the costs of taking of testimony.
That while it is true that in what is known as the “Stamp Act,” being Act No. 136, p. 189, of 1880, it is provided in reference to costs of the clerk of the civil district court (section 1, subd. 48), as follows, “For taking testimony in open court either by shorthand or otherwise, for each hundred words 25 cents,” said law has been inoperative and not enforced for about 23 years.
That in order to carry into effect said paragraph of said section of said Act No. 136, the Legislature at the same session, to wit, 18S0, passed Act No. 130, p. 178, fixing the salaries of the shorthand reporters of the civil district court at $1,800 per annum, having previously passed Act No. 47, p. 46, providing that the salaries of all the clerks and employes of said civil district court, including the shorthand reporters, should be paid out of what was known as the “Judicial Expense Fund,” which was created by article 146 of the Constitution of 1879, and which is practically continued in effect by article 156 of the Constitution of 1898.
That a short time after the going into effect of the laws above mentioned no persons could be found who would accept the position of shorthand reporters of the civil district court at the salaries fixed in said acts, and to be paid out of the judicial fund, and the business of the court would have been suspended unless some other arrangement were made by which the services of shorthand reporters could be had.
That thereupon the judges of the civil district court, as. then constituted, designated in each division of the court a shorthand reporter who should take the testimony, and who should be paid for same at the rates which previously prevailed; that is, 35 cents per 100 words.
That, in any case where the parties to a suit desired another shorthand reporter to take the testimony, he was always allowed to do so.
That this was the condition. of affairs when this respondent became judge of the civil district court, and he, in common with the other judges of the court, has continued said practice up to the present time without complaint or objection from any one.
That several years ago an arrangement was made between a committee of practicing attorneys and the various stenographers that in certain eases but 25 cents per 100 words would be charged for testimony, and respondent is informed that the charge made in this case was for that amount.
That when respondent became judge of .the civil district court, assigned to Division O, he found A. E. Oliviera, Esq., a competent shorthand reporter, occupying that position in that division of the court, having been so designated by the Honorable F. A. Mon *1071 roe, the predecessor of respondent in said division of the civil district court, and respondent continued the said Oliviera.
That Mr. Oliviera, as appeared from the trial of the rule aforesaid, wrote out the testimony for the relators, and offered same to them, but, through their attorney, they ■declined to accept same.
Now respondent further represents • that the Legislature accepted what was done by the judges of the civil district court, in effect, by the passage of Act No. 21, p. 37, of 1882, which eliminated from the judicial fund the payment of salaries to shorthand reporters by omitting same from the list of the employés who should be paid, and by expressly stating that no employés except those named should be paid from that fund, and shorthand reporters were not so named. That if shorthand reporters in the civil district court were compelled to turn their testimony over to the clerk of the court, and the clerk collect the fees therefor, and pay the same into the judicial expense fund, the shorthand reporters would receive no compensation for their services, because no provision is made for their payment, but, on the contrary, they are expressly excluded from any connection with said fund.
Respondent, in conclusion, submits that the matter involved in the petition is one relating exclusively to the internal administration of affairs before his court, and does not embrace matters in which this court is interested, but respondent submits the whole matter to this court as above detailed, expressing his desire to follow any course mapped out by this court, though, with all due respect, he does not see how the relief prayed for by the relators can be granted, as their prayer is simply that respondent and Mr. Oliviera be commanded to deliver to relators the testimony referred to. That, as to respondent, he has not such testimony in his possession, or any control over same, and, as to Mr. Oliviera, the evidence, as before stated, shows that the testimony was offered to counsel for relators, who refused to accept the same.
Wherefore respondent prays to be hence dismissed, with costs.
Opinion.
From the standpoint of relief through a mandamus, this application has no merit, and must be refused. It appears from the return made by the district judge that at the instance of the relators he directed a rule nisi to issue, “ordering” A. E. Oliviera, the official stenographer, to show cause why he should not deliver to mover in the rule the evidence taken on the trial of said application (for letters of dative testamentary executor-ship) upon movers paying therefor at the legal rate to the clerk of this court this amount due for evidence. That this rule was tried, and after that evidence adduced it was discharged, and that said action of the court remains at this time unappealed from and in full force.
The district judge has taken cognizance of the subject-matter, and has acted upon it judicially. He did not refuse to entertain relators’ claim, and to pass upon the same.
In State ex rel. Blum v. Wells, Clerk of Court, 111 La. 463, 35 South. 641, we said:
“Relators had the right to invoke the authority of this court to deliver the transcript to them, but the defendant being a mere ministerial officer of the district court, and the preparation of the transcript being a mere ministerial act, relators had also the right to apply for the same purpose to the district judge, notwithstanding appeal taken. That would have been the more appropriate and expeditious course to pursue.”
The relators in the present case have elected to act and have acted upon that suggestion. They invoked and obtained the judgment of the district judge upon the issue which they presented. Relators seek to have his judgment reviewed through a mandamus. We must decline to do so. We are authorized by mandamus to command a district judge to take action on some particular mat *1073 ter, but a very exceptional case would have to be presented to warrant us, when he has acted, to reverse the action which he has taken. This is not such a case. Mandamus is not the proper remedy. Moore v. Muse, 47 Tex. 210; Pickell v. Owen, 66 Iowa, 485, 24 N. W. 8; Compton v. Airial, 9 La. Ann. 496; Am. & Eng. Ency. of Law, vol. 6 (2d Ed.) verbo, “Clerk of Court.”
As the relators have accepted the services cf this particular stenographer, and have raised no issue as to the compensation due to him, nor alleged any legal interest in having the amount due for the stenographer’s notes paid into the judicial fund, we do not see what particular motive the relators have in urging that the amount to be paid for the evidence should pass into that fund.
The mandamus applied for is refused at relators’ costs.