(57 South. 890.)

No. 19,288.

BROWN v. DUPUY.

In re BROWN.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

MANDAMUS (§ 50*)—WHEN LIES—REVIEW OF PRIMARY ELECTION PROTEST.

Mandamus will not lie to compel the respondent judge to again decide a primary election protest on the merits, or to review or to reverse his judgment rendered on the merits.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 97; Dec. Dig. § 50.*]

Application of Rubin H. Brown for writs of certiorari and mandamus against Jules E. Dupuy. Dismissed.

L. T. Dulany, for relator.

LAND, J. Rubin H. Brown, Jules E. Dupuy, S. C. Sumrall, and L. A. Moresi were candidates in the recent Democratic state primary for nomination to the office of representative in the General Assembly from the parish of Iberia. All four ·qualified as candidates, and without protest or objection from any source their names were printed on the official ballots voted in said primary election. Returns of the election, made as required by law, showed that Jules E. Dupuy had received 952 votes, and Rubin H. Brown had received 836 votes. When the Democratic parish committee met to canvass the returns, Rubin H. Brown appeared before that body and presented a written protest against the return of Jules E. Dupuy, on the ground that he had not been an actual resident of the parish of Iberia for two years immediately preceding said primary election. The committee ruled that it had no jurisdiction of such a contest, and rejected the protest of Rubin H. Brown.

The relator then appealed to the district court for the parish of Iberia. The appeal was allowed, and after a hearing on the merits of the protest the court affirmed the ruling of the committee and dismissed the appeal. On the trial of the appeal, the following admissions were made, to wit:

"It is admitted, as it was admitted before the committee, that Hon. Jules E. Depuy is the chief inspector for the agricultural department of the state, and since his appointment three years ago has lived with his family in Baton Rouge, occupying a house rented by him. It is admitted that he is a duly qualified elector of the parish of Iberia, and that he has always exercised his right of suffrage and domicile in the city of New Iberia, Iberia parish, La., and that he handed in his name as a candidate for representative to the chairman of the Democratic executive committee for the parish of Iberia in due time; that no protest thereto was filed; that he voted in the Democratic primary of the 23d of January, 1912, in the city of New Iberia, which is the Sixth ward of Iberia parish, without objection and without protest; and that he is a duly qualified elector of Iberia parish. It is admitted that he has always lived and resided in Iberia parish all of his life, and that he has resided in Baton Rouge only since his appointment as chief fertilizer inspector three years ago."

The relator has filed in this court his petition for writs of certiorari and mandamus, and prays the court to decide the question of the jurisdiction of the parish committee and of the district court, and that said court be ordered to decide the merits of said cause, and that said committee be commanded to order a second primary between relator and S. C. Sumrall, or, in the event of the declination of said Sumrall to enter the said second primary, that said committee order and declare the relator the nominee.

In his return to the rule nisi, the judge, inter alia, says:

"Your respondent ruled that the committee had no jurisdiction, and then, assuming juris-

diction in the matter, your respondent took up the case on its merits and tried same, and reached the conclusion that Jules E. Dupuy was the regular nominee of the Democratic party for member of the House of Representatives from the parish of Iberia."

The record sent up shows that, besides the admissions quoted supra, all the proceedings before the parish committee and the returns of the election were offered in evidence.

The judgment of the court recites that it was rendered "after hearing the pleadings, the documentary evidence, and the admissions made by all parties," and the decree orders that plaintiff's appeal and review from said ' decision "be and hereby is dismissed, at his cost."

It is manifest that mandamus will not lie to compel the respondent judge to *again* decide the case on its merits, or to review or reverse his judgment thereon. Relator has not invoked the extraordinary supervisory jurisdiction vested in the Supreme Court to prevent usurpation .of powers or a denial of justice, or to afford relief, where there is no other adequate remedy.

It is therefore ordered that the preliminary writs issued herein be recalled, and that relator's petition be dismissed, with costs.

His Honor, the CHIEF JUSTICE, recused, being related to one of the parties to the suit.