(79 South. 407)

No. 20808.

SHREVEPORT WINDOW GLASS CO. v. RAILROAD COMMISSION OF LOUISIANA.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

On Rehearing.

1. CARRIERS ⚙⇒18(1)—RATE RULE OF RAILROAD COMMISSION—GROUNDS FOR ABROGATION.

The desires and dissatisfaction of a shipper with a rate rule of the Railroad Commission of the state are no grounds for abrogation of the rule.

2. CARRIERS ⚙⇒18(3)—RAILROAD COMMISSION—SUIT TO SET ASIDE ORDER—LIMITATION.

By Act No. 171 of 1908, no suit to set aside, change, or alter orders of the Railroad Commission shall be entertained unless filed within three months after the order is made.

3. CARRIERS ⚙⇒18(2)—RAILROAD COMMISSION—APPELLATE JURISDICTION OF COURTS.

No law confers on the courts appellate jurisdiction over the rulings of the Railroad Commission fixing rates.

4. MANDAMUS ⚙⇒81 — CONTROL OF DISCRETION OF RAILROAD COMMISSION—STATUTES.

Since the law which confers on the Railroad Commission authority to penalize railroads (Act No. 175 of 1912) leaves the matter to the discretion of the commission, such discretion of a judicial or quasi judicial tribunal cannot be controlled by mandamus.

5. CARRIERS ⚙⇒18(1)—RAILROAD COMMISSION—REVIEW OF RULES — INTEREST IN CONTROVERSY.

In any change that may be demanded to be made in its rules, the Railroad Commission has a real interest that may serve as a basis for it to stand in judgment, but in a question of the proper interpretation of its former rules, whether separately or in conjunction with any judgment, the commission is without interest, and the question is moot.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the Shreveport Window Glass Company against the Railroad Commission of Louisiana. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

Roberts, Roberts & Johnson, of Minden, for appellant. W. M. Barrow, Asst. Atty. Gen., for appellee.

PROVOSTY, J. On certain through shipments from New Orleans to Shreveport the Louisiana Railway & Navigation railroad, a through line between said two points, charged plaintiff freight in accordance with the rates fixed by the order No. 1222 of the Railroad Commission.

At the time said shipments were made the said order 1222 had been annulled, by judgment of court, in so far as applying to the Texas & Pacific Railroad, in a suit brought by a shipper on the latter railroad against it and said commission, for the reason that the rates therein fixed were excessive, and the pre-existing lower rates had been re-established for the latter railroad.

Discovering this, plaintiff contended that, in view of said judgment and of rule 55G of said commission, shippers on the Louisiana Railway & Navigation road were entitled to the benefit of the rates thus established for the Texas & Pacific, the said rule 55G reading as follows:

"Where there are two or more lines between any two connecting points in Louisiana having through connections, the lowest established rate between such points shall be charged by through lines accepting freight for transportation between said points."

The Louisiana Railway & Navigation Railroad refusing to be bound by said judgment, as not having been a party to the suit in which it was rendered, and therefore refusing to make restitution of the alleged overcharges, plaintiff lodged a complaint against it with said commission, asking that it be ordered to make said restitution, and be penalized for violation of said rule 55G.

The commission took the same view as the railroad had done, and, in order to clarify the situation, adopted an amendment to said rule 55G reading as follows:

"No line, however, shall be compelled to protect the rate of another line, provided the shipper is notified by the agent in writing at the time the shipment is tendered of its unwillingness to do so."

This amendment is known as order No. 1869.

In the present suit plaintiff asks that the said commission be ordered to show cause why its said ruling rejecting the said complaint should not be set aside, and the right of the plaintiff to the rate fixed by said judgment for the Texas & Pacific should not be established and perpetuated; why it should not penalize said Louisiana Railway & Navigation for violation of said rule 55G; and, finally, why said order 1869 should not be abrogated, and said rule 55G affirmed as it existed prior to said amendment.

The only grounds alleged for the abrogation of said amendment are stated in the petition as follows:

"That the effect of order No. 1869 is to destroy and nullify the effectiveness of rule 55G to the prejudice of petitioner and other shippers, and petitioner shows that it is dissatisfied with said order, and desires that the same be ordered abrogated."

[1, 2] The desires and dissatisfaction of the petitioner are, of course, no grounds; and it will be observed that said amendment is not alleged to be unreasonable, or that its effect will be to subject the plaintiff to excessive freight rates, but only that it will prejudice the plaintiff, by, we suppose, establishing for plaintiff rates which, though higher than those established for the Texas & Pacific, yet are not alleged to be unjust or unfair. But there is a peremptory reason why this demand cannot be entertained. By Act 171, p.

230, of 1908, no suit to set aside, change, alter, or modify the orders of the Railroad Commission shall be thereafter entertained unless filed within three months after any such order is made. The said order was made on May 28, 1913, and this suit was filed on October 17, 1913, more than three months after the making of the order.

[3, 4] The demands that the commission show cause why its ruling rejecting plaintiff's complaint should not be set aside and why it should not penalize the railroad are in the nature of appeals to the courts from the decisions of the commission, or in the nature of an application for a writ of mandamus to compel the commission to reverse its decisions in said matters, and decide these matters differently. No law that we know of grants a right of appeal to the courts from such decisions of the commission. The law which confers upon the commission authority to penalize railroads (Act 175, p. 318, of 1912) leaves the matter to the discretion of the commission; and, of course, the discretion of an officer, especially of a judicial, or quasi judicial, tribunal, cannot be controlled by mandamus. State ex rel. N. O. & C. R. L. & P. Co. v. St. Paul, 110 La. 722, 34 South. 750; State ex rel. Glancey v. St. Paul, 113 La. 1066, 37 South. 972; State v. Board of Liquidation, 42 La. Ann. 647, 7 South. 706, 8 South. 577; State v. Police Board of N. O., 51 La. Ann. 941, 25 South. 935; Brown v. Dupuy, 130 La. 205, 57 South. 890.

By the said amendment No. 1869 the rates which plaintiff contends were established by the judgment of court in the Texas & Pacific case were changed. The very fact of this change is the reason of plaintiff for desiring that said amendment should be abrogated. In so far, therefore, as relates to the time from and after the adoption of said amendment the demand that the rates established by said judgment be established and perpetuated as to the Louisiana Railway & Navigation is but a renewal or repetition, in another form, of the demand that said amendment be abrogated. So long as said amendment stands, fixing different rates from those fixed by the said judgment in the Texas & Pacific case, it is impossible for the court to perpetuate the rates fixed by said judgment. And, as already seen, the court is powerless to abrogate that amendment. The demand for the perpetuation of said Texas & Pacific rates cannot therefore be granted.

[5] In so far as relates to the time prior to the adoption of said amendment, the rates that must govern are those established by the rules of the commission as then existing. For this prior time, therefore, the demand is not one for the establishment of a rate, but for the interpretation of the legal situation as it then existed under the rules of the commission, or, in other words, for the ascertainment of what were the proper rates to be charged at that time. Now, let us suppose that this court agreed with the plaintiff as to what these rates were; what could this court do in the matter? It could not order the commission to reverse its said rulings; for that would be to exercise appellate jurisdiction over such rulings; and, as already seen, no law confers upon the courts such appellate jurisdiction. It could not order the commission to penalize the Louisiana Railway & Navigation railroad; for that would be to control the discretion of the commission in that matter, and, as already seen, the courts cannot do this. What could the court do? The only answer is, nothing. So far as the present suit is concerned, therefore, that question is a mere moot one. It can be of interest only in any suit the plaintiff, or other similarly situated shippers, might bring against the railroads for reimbursement of alleged overcharges. The only parties to the present suit are the commission and the plaintiff. In any change that may be demanded to be made in its rules the commission has an interest such as may serve as a basis for it to stand in judgment; but in the question of

the proper interpretation to be placed upon its former rules, whether separately or in conjunction with any judgments of court, the commission is utterly without practical interest.

The judgment dismissing plaintiff's suit is therefore affirmed.