STATE, EX REL., THEODULE ROUSSEAU, ET AL., Appellant, v. IRBY T. BAUDOIN, CLERK OF COURT, ET AL., Defendant and Appellee

(June 22, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Laws—Par. 68, 69.**
Act 64 of 1900 fixes the compensation of official stenographers of the Courts of this State outside of the Parish of Orleans and additional compensation cannot be demanded by the stenographers of the several courts however, inadequate such compensation so fixed may be and whatever may have been the custom of litigants acting voluntarily.

2. **Louisiana Digest—Office and Officer—Par. 67, 68.**
One who acts in an official capacity cannot defend an action upon the ground

that he has been improperly appointed or qualified.

3. **Louisiana Digest—Mandamus—Par. 14, 23, 90.**

Where a writ of mandamus has been applied for in order to compel a stenographer to file testimony taken by him with the Clerk and the testimony is filed and tràscript of appeal lodged in this court before return day of the mandamus the writ will not issue but the stenographer will be condemned to pay costs.

Appeal from 24th Judicial District Court for the Parish of St. Charles, L. Robert Rivarde, Judge.

This is a writ of mandamus directed to the clerk of court and stenographer to compel them to file testimony in a case. The testimony was filed.

Writ of mandamus recalled at defendant's cost.

Robert J. Perkins attorney for plaintiff, appellant.

John E. Fleury, attorney for defendant, appellee.

WESTERFIELD, J. , Plaintiffs herein applied for a writ of mandamus directed to Irby T. Baudouin, the Clerk and to J. J. Carbrey, the Stenographer of the Twenty-fourth Judicial District Court of the Parish of St. Charles, in order to compel these officials to file immediately all testimony taken in the case of Théodule Rousseau et al. vs. Texas & Pacific Railway Company et al. No. 1332 of the docket of the said Twenty-fourth Judicial District Court upon payment of the fees for transcription of testimony as fixed by Act 69 of 1900.

The law relative to the employment of shorthand reporters, outside of the Parish of Orleans, is set forth in Act 64 of 1900, which provides that the Clerks of the District Courts are authorized to employ, with the approval of the District Judge, a competent shorthand reporter to report and transcribe testimony taken in all appealable civil cases before said courts.

Section two of the Act makes it the duty of the Clerk to file in court within 10 days of the taking of the testimony, a transcript of the testimony so reported, printed, typewritten, or written in a legible hand.

Section Three provides that the Clerk of the Court (not the stenographer), shall be entitled to charge for each page of 100 words of testimony transcribed by the shorthand reporter, not more than 15c to be charged as costs.

Section Four makes the Clerk responsible on his official bond for all damages as litigants may suffer because of the incompetency or negligence of such shorthand reporters.

Section Five provides that should the Clerks of the District Courts refuse or neglect to employ a shorthand reporter, as provided by said Act, the judge, in his discretion, may appoint a shorthand reporter, who shall be sworn as an expert to report and transcribe the testimony, and who shall give bond in the sum of $1,000.00, to be approved by the District Judge, and recorded in the Mortgage Books of the parish for which such shorthand reporter is appointed, and who shall receive the same fees (15c per hundred words), as the Clerk of Court, when the shorthand reporter is employed by that official.

Section Six provides that the Clerks of Court, or the shorthand reporters, when appointed by the Judge, shall be entitled to collect in the manner provided by law for the payment of the costs of Clerks of District Courts within 10 days after the filing of the evidence; their fees from the plaintiff in the suit on their sworn statement of the correctness of their charges

approved by the judge to be taxed as part of the costs of the suit, but no stenographer shall take testimony in any case unless some party to the suit requests it.

The controversy in the case is due to the custom of paying stenographers, whose compensation is fixed by the Act of 1900, 25c per hundred words instead of 15c as fixed by the Act. This custom is justified by the evident fact that the compensation fixed in the act is inadequate for the character of service required and skill necessary to discharge the duties of that office. But be that as it may, such is the law, and we cannot change it. It is argued that the stenographer in this case is not controlled as to his charges by the Act of 1900 because he has not qualified by giving bond as required by the Act though he has taken the oath of office. This contention is unsound. One who acts in an official capacity can not defend a suit against him upon the ground that he was not legally appointed or qualified. State vs. Hayes, 7 La. Ann. 121; Parish vs. Burton, 35 La. Ann. 521; Macready vs. Schenck, 41 La. Ann. 462, 6 South. 517.

But since the issuance of the preliminary suits herein the transcript has been filed in this court, consequently we can not mandamus defendants to do something which they have already done. We are not concerned as to how or what compensation was paid defendants. Their action in this regard, however, cannot relieve them of the payment of costs. State ex rel. Blum et al. vs. Wells, 111 La. 463, 35 South. 641.

It is therefore ordered that the alternate writs of mandamus heretofore issued be recalled and that defendant, T. J. Carbrey, pay the costs of these proceedings.

Allemot writs of mandamus recalled at defendant's costs.